## BUD TUCKER v. THE STATE.

*No. 6873.    Decided June 4.*

**Indecent Exhibition of the Person of Another, etc.—Evidence.—**The "person," as that term is used in article 343 of the Penal Code, refers to those parts of the human anatomy which can not be appropriately exhibited in public. The indictment in this case charged that the defendant made an "obscene and indecent exhibition of the persons of others," etc. The proof tends to show that at a public assemblage of people he pinned to the backs of coats worn by two persons a placard on which vulgar and obscene words were written. *Held*, that the proof does not support the allegation in the indictment.

APPEAL from the County Court of Llano. Tried below before Hon. W. S. Maxwell, County Judge.

The opinion sets out the charging part of the indictment. The penalty assessed against the appellant was a fine of $25.

The proof shows that the defendant, during the term of the District Court of Llano County, and while the ladies of Llano were assembled in large numbers in the basement of the court house, making preparations for a public entertainment, pinned or pasted to the backs of the coats worn by John Potts and James Sallee pieces of paper on which were written in large letters the words, "O Shit!"

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—It is charged in the indictment that the defendant "did unlawfully and designedly, in public, make an obscene and indecent exhibition of the persons of others," etc. This charge is not sustained by the evidence. By the terms "obscene and indecent exhibition of the person," as used in article 343 of the Penal Code, is meant, we think, an exposure of those parts of the person which are commonly considered as private, and which custom and decency require should be covered and kept concealed from public sight. They do not mean or include obscene or indecent print, picture, or written composition placed upon the clothes worn upon the person. In this case the evidence shows that the defendant was perhaps guilty of placing an obscene and indecent writing upon the clothes worn by other persons, and thereby committed the offense denounced in said article 343, but not in the manner charged in the indictment. If the facts constituting the offense had been properly charged in the indictment we think the evidence would sustain the conviction, but as now presented the allegation and the proof do not correspond (Coker v. The State, 24 Texas Ct. App., 1), and therefore the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.