## W. R. CAMPBELL V. STATE

No. 31,821. March 30, 1960
Motion for Rehearing Overruled June 1, 1960

*Don Gladden,* Fort Worth, for appellant.

*T. B. Wright,* County Attorney, Bonham, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is indecent exposure, as denounced by Article 526, V.A.P.C.; the punishment, a fine of $100.00.

Sheriff Ivey of Fannin County testified that during the spring of 1959 he had an occasion to talk to appellant and appellant's wife, at which time he was informed that they were operating a health club on a wooded tract of land which appellant owned several miles north of the city of Bonham, that such club consisted of 52 families who paid $42.00 a year and who came from Dallas and Fort Worth on weekends, played volley ball, pitched horse shoes, and played games in the nude. He stated that on the Sunday morning charged in the information he and a group of other officers went to a spot some 100 yards from a group of buildings on appellant's place, but not on his property, and for two or three hours observed ten to fifteen people, men, women and children, in the nude as they went about their Sunday morning activities around the camp; that they laughed and talked and were in each other's company. He stated that he returned to Bonham, secured a warrant for appellant's arrest and executed the same. The sheriff was corroborated by the other witnesses as to what was seen on the Sunday morning in question.

Appellant did not testify or offer any evidence in his own behalf. We will discuss the contentions advanced by counsel in brief and in argument.

He first contends that the court erred in failing to instruct the jury that such exposure "must have been committed either in public or in such close proximity to a public place that such acts could be observed by the public who had business in such

close proximity." In discussing a prosecution of this same nature, the Supreme Court of this state in Moffitt v. State, 43 Tex. 346, said, "The publicity contemplated in the Code has reference to persons who do or can see it rather than to the place." The record before us here is clear that appellant's nudity was observed by fifteen or twenty people over a two or three-hour period and that appellant had stated he was in the business of running a health camp where people spent their weekends in the nude. It must be remembered that the officers were not on appellant's property during their period of observation. The court in his charge instructed the jury as follows. "The term 'in public', as used in this charge, has reference to persons who do or can see the act rather than to the place where the act is committed," which is tantamount to the pronouncement of our supreme court in Moffit.

Appellant next contends that the state failed to prove that appellant "designedly" "exhibited" his person. The fact that he designedly did so is obvious from the fact that he set himself up in business running a nudist camp at a place where he might reasonably expect to be and was in fact seen by persons on property not his own, as well as those who were gathered there at the camp. We do not construe the statute as authorizing anyone to invite a number of people to his home and then exhibit himself to them in the nude with impunity. It is the persons who can and do see the exhibition rather than the place where the exhibition is made which controls under the statute. These people were not members of his family and were therefore members of "the public." To hold otherwise would sanction any violation of the law so long as those who participated were members of a club to which they paid a fee to join. The Court of Appeals in Tucker v. State, 28 Tex. App. 541, 13 S.W. 1004, said that the term "obscene and indecent exhibition of the person" meant an exposure of those parts of the person which are commonly considered as private, and which custom and decency require should be covered and kept concealed from public sight. There is nothing in that definition which requires that the person making the exhibition should call attention to his acts.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.