**Elmer Lee WALLACE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54335.**

Court of Criminal Appeals of Texas.

May 3, 1977.

W. C. Roberts, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb and Winfield W. Scott, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

Appeal is taken from an order revoking probation wherein appellant stands convicted of burglary of a building. Punishment was assessed at two years confinement in the Texas Department of Corrections.

The order revoking probation is based on a finding that appellant committed the offense of indecent exposure [1] in violation of the term of probation (a) commit no offense against the laws of this or any other state or the United States. Officer Daniel of the Dallas Police Department testified at the revocation hearing that on September 3, 1976, he answered a disturbance call at a grocery store. "A bunch of children" at the scene told him a man started throwing bottles at them and cursing them, knocking some kids down. The children pointed toward an alley and when Officer Daniel looked in that direction he saw appellant holding a female by the arm. Daniel said appellant was pulling the girl toward the alley and she was resisting. Daniel then noticed appellant "had his penis out" and "he reached over and touched it". Daniel stated he was offended and alarmed by what he saw. Because Daniel believed a rape was occurring, he returned to his patrol car and proceeded toward the location when he saw appellant walking by himself, down the street. As Daniel emerged from the patrol car, appellant put his hands up and said, "You got me wrong, I wasn't going to rape her." Daniel later returned to the girl, who appeared to be 12 or 13 years old, and she said the man was trying to drag her into the alley.

Appellant's complaint on appeal is the State's motion to revoke probation failed to

1. Indecent exposure is defined in V.T.C.A., Penal Code, Sec. 21.08, as follows: "(a) A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act."

allege an offense against the laws of this or any other state.

"It has been repeatedly held that where revocation is based upon a violation of the probationary condition not to violate the law the allegations of the motion to revoke probation need not be as precise as those of an indictment, but should give fair notice and allege a violation of the law." *Acton v. State,* Tex.Cr.App., 530 S.W.2d 568, 570, and authorities cited therein.

The motion to revoke probation alleged on September 3, 1976, appellant "did then and there recklessly expose his genitals in the presence of *Danny Daniel,* who was offended and alarmed by said exposure, with intent to arouse and gratify the sexual desire of the said *Elmer Lee Wallace.*"

 Appellant contends because there is no allegation as to whom the exposure was made the motion to revoke does not allege an offense. Although this objection was raised in the trial court, appellant did not voice his objection at the time he pleaded not true. The complaint here presented was not raised until the conclusion of the evidence. The objection being untimely, the trial court did not abuse its discretion in overruling appellant's complaint. *Grantham v. State,* Tex.Cr.App., 547 S.W.2d 286; *Ausborne v. State,* Tex.Cr.App., 499 S.W.2d 179. Cf. *Garner v. State,* Tex.Cr.App., 545 S.W.2d 178.

Further, we find to whom the exposure is directed is not an essential element of the offense of indecent exposure. The elements of the offense are:

(1) a person

(2) exposes his anus or any part of his genitals

(3) with intent to arouse or gratify the sexual desire of any person

(4) and he is reckless about whether another is present who will be offended or alarmed by his act.

Although it is better practice to plead, where applicable, an accused exposed himself to a specified person or persons,[2] failure to allege this would not render an indictment or information fundamentally defective.

There being no showing of an abuse of discretion, the judgment is affirmed.

ROBERTS, J., concurs in the results.

---

2. See Morrison and Blackwell, New Texas Penal Code Forms (1973), Sec. 21.08 at page 19; 2 Tex.Ann. Penal Statutes, Branch's 3rd Ed. (1974), Sec. 21.08 at page 149.