**James HEFNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–01200–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 7, 1996.

Rehearing Overruled Nov. 27, 1996.

Discretionary Review Refused
Feb. 26, 1997.

---

Allen Isbell, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

COHEN, Justice.

Appellant was charged with indecent exposure. He pleaded not guilty, waived a jury trial, was found guilty, and was sentenced to 90 days in jail, probated, and a $300 fine. We affirm.

Allstar News and Video ("Allstar"), an adult bookstore, sells XXX movies and sexual devices. In the arcade section, customers view the movies on a screen inside private, adjoining booths. Some walls between booths contain a hole approximately four inches around and three feet from the floor. Customers call them "glory holes" because a man in the next room may insert his penis through it.

Officer Carter of the Houston Police Department had conducted about 50 sting operations at Allstar, and about a thousand at similar businesses. He had seen a penis inserted through a glory hole "ninety-five percent probably" of the time.

On July 11, 1995, Officer Carter entered a booth at Allstar and started a movie. Appellant testified that he saw Officer Carter's fingers protruding through the hole "in an inviting way." When appellant inserted his penis through the glory hole, Officer Carter arrested him for indecent exposure.

A person commits the offense of indecent exposure if he:

exposes his anus or any part of his genitals with the intent to arouse or gratify the sexual desire of any person, and he is *reckless* about whether another is present who will be offended or alarmed by his act.

Tex.Penal Code Ann. § 21.08(a) (Vernon 1994) (emphasis added).

In his two points of error, appellant contends the evidence was legally and factually insufficient to show that he acted recklessly.

We review legal sufficiency in the light most favorable to the verdict to determine if any rational judge could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In determining factual sufficiency, we set aside the verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim.App.1996).

█ Indecent exposure requires that the appellant act "reckless[ly] about whether another is present who will be offended or alarmed by his act." TEX.PENAL CODE ANN. § 21.08(a). Appellant first argues that Officer Carter. could not have been offended because he had seen similar conduct so often. Officer Carter testified that he was not surprised, but he was offended.

The statute does not require, however, that appellant offend Officer Carter. *See* TEX.PENAL CODE ANN. § 21.08(a). In fact, the person "to whom the offense is directed is not an essential element." *Wallace v. State,* 550 S.W.2d 89, 91 (Tex.Crim.App. 1977). The issue, therefore, is whether appellant was reckless about whether another was present who would be offended, not whether Officer Carter was offended. The Penal Code defines recklessness:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such nature and degree that its disregard constitutes a gross deviation from the *standard of care that an ordinary person* would exercise under all the circumstances as viewed from the actor's standpoint.

TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1994) (emphasis added).

█ This objective standard ˙is viewed through the eyes of the ordinary person standing in appellant's shoes. For example, the *McGee* case held that masturbating in a public dressing room was reckless, even if done behind a closed curtain. *McGee v. State,* 804 S.W.2d 546, 548 (Tex.App.—Houston [14th Dist.] 1991, no pet.). The court held that the standard of care for the ordinary person masturbating in a public dressing room is "oxymoronic." *Id.* In other words, although the appellant in *McGee* thought his behavior was acceptable, he was still reckless as to whether the reasonable person would have been offended. *Id.*

Similarly, appellant focused on whether his conduct at Allstar would offend him, disregarding whether it would offend the ordinary person. This subjective theory mistakenly assumes that appellant is "the ordinary person." Instead, as in *McGee,* the standard is objective.

█ Appellant additionally argues that he was not reckless because Officer Carter invited the exposure. Appellant testified that he saw Officer Carter's fingers "protruding into my booth in an inviting way." However, appellant conceded that Officer Carter never asked to see his penis.

Even though the State did not recall Officer Carter to rebut appellant's testimony, the trier of fact may freely reject any or all of it. *See Williams v. State,* 692 S.W.2d 671, 676 (Tex.Crim.App.1984). Thus, the judge did not have to believe appellant's testimony, even though it was not rebutted. Viewing the evidence in the light most favorable to the verdict, the trial judge was free not to believe appellant's testimony about the inviting gesture.

█ Appellant contends he did not grossly deviate from the standard of care of an ordinary person because his conduct was typical at Allstar. The location of the offense does not necessarily control, however. For example, a defendant nude in a nudist camp, but visible to persons outside the camp, was properly convicted of indecent exposure in *Campbell v. State,* 169 Tex.Crim. 515, 338 S.W.2d 255, 257 (1960) (relying on TEX.PENAL CODE ANN. art. 526 (Vernon 1952)), *cert. denied,* 364 U.S. 927, 81 S.Ct. 356, 5 L.Ed.2d 267 (1960). The same is true of topless dancers in a topless bar. *Wells v. State,* 447 S.W.2d 939, 940 (Tex.Crim.App.1969) (relying on a city ordinance). These cases are merely

illustrative because the defendants in *Campbell* and *Wells* were convicted under differently worded statutes. *Compare* Tex.Penal Code Ann. § 21.08(a).

But even if the environment did control, the environment here differs from those in *Wells* and *Campbell.* Allstar sells adult books and movies, not live nudity. No signs or advertisements warned about nudity, and appellant did not know who was in the next booth. A rational fact finder could have concluded that appellant was reckless because, as far as he knew, the other person was present simply to watch a movie, not to see his body. Viewing the evidence in the light most favorable to the verdict, appellant was reckless about whether someone was present who may have been offended. The evidence, therefore, was legally sufficient to show appellant was reckless.

Regarding factual sufficiency, appellant has not shown that the evidence is so contrary to the overwhelming weight of the evidence as to be manifestly unjust. Only appellant testified to the "inviting" gesture. Except for that testimony, which the trial judge was free to disbelieve, there was no evidence that appellant's conduct was not likely to offend another.

We overrule the points of error.

The judgment is affirmed.