David LACOUR, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–96–322CR.

Court of Appeals of Texas, Beaumont.

Nov. 18, 1998.

Rehearing Overruled Dec. 3, 1998.

Carl A. Parker, Port Arthur, for appellant.

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Ast. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

A jury found David Lacour guilty of disorderly conduct and the court assessed a $500 fine. Lacour appeals bringing three points of error.

▪ In his first point of error, Lacour alleges the trial court erred in failing to grant his motion for an instructed verdict and in denying his motion for a new trial because the evidence was insufficient to support his conviction.

▪ The standard for reviewing legal sufficiency is whether, after reviewing the evidence in the light most favorable to the verdict any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If the evidence is legally insufficient, the court must order an acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

On July 3, 1995, Jefferson County resident Marvin McEachern and his family drove out to a portion of the Gulf Coast beach for fishing. McEachern drove down a closed section of Highway 87 and happened upon a group of 100 or more nudists on a section of the beach. McEachern had observed them there before on previous weekends and testified that he knew that the nudists were going

to be there that day. McEachern called the Jefferson County Sheriff's Department to lodge a complaint. Shortly thereafter, Sergeant Steven Carr and Deputy Freddie Boullion met with McEachern at which time McEachern filled out a complaint form. McEachern then proceeded back to the area where he had observed the nudists, followed by Carr and Boullion. McEachern pointed out a group of nudists and informed the officers that all of those persons offended him.

Boullion and Carr issued citations to the nudists, including Lacour, who was cited for Disorderly Conduct.[1] Carr signed the complaint form against Lacour. The complaint stated that on July 3, 1995, David Lacour did then and there unlawfully and willfully:

> intentionally and knowingly expose his anus and genitals in a public place, to wit: McFaddin Beach, and the Defendant was reckless about whether another may be present who will be offended and alarmed by his act, to wit: by appearing nude in obvious view during the day at a time when the said beach was then and there occupied by Steve Carr, Marvin. L. McEachern and others,

■ In his brief, Lacour argues there is no evidence that any person was offended by his lack of clothing. McEachern testified that all the nudists offended him but he could not identify particular persons who offended him. We do not find that a specific person must be offended in order for there to be a violation of section 42.01(a)(12) of the Penal Code. *Cf. Hefner v. State,* 934 S.W.2d 855, 857 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd)(for purposes of statute prohibiting indecent exposure, it was irrelevant whether officer to whom defendant exposed his penis was offended; issue was whether defendant was reckless about whether another was present who would be offended); *McGee v. State,* 804 S.W.2d 546, 547 (Tex.App.—Houston [14th Dist.] 1991, no pet.).

A violation of TEX. PEN CODE ANN. § 42.01(a)(12) occurs when a person "is reckless about whether another may be present who will be offended or alarmed by his act." Under TEX. PEN.CODE ANN. § 6.03(c) (Vernon 1994), reckless is defined as follows:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Here we do not find the State produced evidence demonstrating that Lacour acted recklessly regarding whether others might be present who would be offended by his acts. The testimony established that in order to reach the area where the nudists congregated, it was necessary to traverse across approximately four miles of a closed section of State Highway 87 running east of State Highway 124. McEachern testified that in order to get to the beach where the nudist congregated, he had to drive past a barricade that said "road closed" on Highway 87. Carr testified that the beach was located along a closed section of the highway that had been washed out. Carr also testified there were no residences along the closed section of the highway and that the beach where the nudists were located was next to marshland. McEachern stated the highway had been "washed out" for several years and that he could not clearly see the beach from the road because the dunes and the vegetation between the beach and the highway obscured his vision.

A comparison of *Campbell v. State,* 169 Tex.Crim. 515, 338 S.W.2d 255 (1960) is illustrative. In *Campbell,* the Court of Criminal Appeals upheld the conviction of a defendant found guilty of indecent exposure. Campbell

---

**1.** A person commits an offense if he intentionally or knowingly:

   . . . .
   (12) exposes his anus or genitals in a public place and is reckless about whether another may

be present who will be offended or alarmed by his act. TEX. PEN.CODE ANN. § 42.01(a)(12) (Vernon 1994).

operated a nudist health club where its members could easily be seen from nearby privately owned property. The Court found the jury could infer that Campbell exposed himself to others because his nudist camp was located at a place where Campbell could reasonably expect to be seen and was in fact seen by persons on property not his own. *Id.* at 257.

In the present case, Lacour, along with a hundred or more nudists, was naked at a remote, secluded area of the beach that could not easily be seen from adjacent property. The State produced no evidence that Lacour was aware of but consciously disregarded a substantial and unjustifiable risk that others would be present who would be offended or alarmed by his act. We find after reviewing the evidence in the light most favorable to the verdict, no rational juror could have found beyond a reasonable doubt that Lacour exposed his genitals in a public place **and** was reckless about whether others may have been present who would be offended or alarmed by his act. Point of error one is sustained. The evidence being legally insufficient to sustain the conviction, the judgment of the trial court is reversed and an acquittal ordered. *Greene,* 437 U.S. at 19, 98 S.Ct. 2151; *Burks,* 437 U.S. at 1, 98 S.Ct. 2141. We do not address Lacour's remaining points of error.

### REVERSED AND ACQUITTED.

STOVER, Justice, concurring.

The Legislature has never banned nudity in Texas. Instead, it passed TEX. PEN.CODE ANN. § 42.01(a)(12) (Vernon 1994) requiring recklessness in exposure for criminal prosecution. Under the restricted facts of this case, I concur that proof of the element of a reckless act is missing. Until such time as the Legislature passes legislation which, *per se,* forbids and banishes nudity in Texas, each of these cases must be analyzed distinctively as to whether or not a violation of § 42.01(a)(12) has occurred.

WALKER, Chief Justice, dissenting.

I respectfully dissent for I fear that the majority has judicially declared a portion of our Texas public beaches as private for those who desire to exhibit their person without clothing or other attire in contravention of § 42.01(a)(12) of the Penal Code. Though Mr. McEachern and his family became the victims of such prohibited conduct, the majority depicts the nudist as the parties imposed upon by the McEacherns' presence. The majority implies fault to Mr. McEachern because "he knew that the nudists were going to be there that day." The implication is, since McEachern knew the nudists were going to be at this public place, albeit, an isolated portion of the beach, perhaps the McEacherns should have gone somewhere else.

I would surmise that public nudity[1] is offensive to most people and particularity to a majority of our State Legislators, for they did indeed place into effect § 42.01(a)(12) of the Penal Code. Further, two Jefferson County juries also found appellant's conduct reckless.

The majority holds that the State did not produce evidence demonstrating that Lacour acted recklessly regarding whether others might be present who would be offended by his acts. My review of the evidence discloses that when Lacour was cited, Lacour was nude on a public beach in Jefferson County, Texas. This occurred on July 3, 1995, the date alleged as the offense date. Lacour contends by brief that at the time he was cited for disorderly conduct, he was indeed nude. Mr. McEachern was offended enough to call law enforcement to the scene. Mr. McEachern complains of nude people on the beach, Lacour being one of those persons. When questioned as to which of the nude people on the beach offended him, Mr. McEachern testified, "all of them." Such evidence is satisfactorily sufficient to show; 1) that Mr. McEachern was offended; and 2) that Lacour's nudity was offensive to McEachern.

Interestingly, a video tape was admitted into evidence depicting the opinions of both

---

**1.** My generalized use of the terms "nude," "nudity," or "naked" presuppose that the individual in question is openly displaying his/her anus and/or genitals.

the nudists and those opposing their conduct. The nudists' position was summarized by one woman as: "If no one don't like it there's plenty of beaches way down there." The opposition to such conduct made a plea to Jefferson County law enforcement to "tighten up down here and get this situation under control so that the people who want to use the beach can without being exposed to the type of environment that they're in right now."

No person or group of people has the right, power or authority to unilaterally exercise eminent domain over any portion of "public property." Despite the overwhelming evidence supportive of the recklessness of Lacour's actions, I fear that the majority has given the nudists full authoritative power to condemn any portion of our Texas beaches in order to promote their own interest, requiring any offended citizenry to go elsewhere.

One of the naked participant's stated, "We're not criminals, we're 'nudists,' there's a big difference, we don't hurt anyone."

I can only view such statement as an effort to set "nudist" apart as some special person or group of persons having special rights to exhibit their nakedness to the public. Section 42.01(a)(12) prohibits such special and selective treatment by placing the "offensive" nature of nakedness in the eyes of the beholder, and rightly so.

The concurring opinion states, "The Legislature has never banned nudity in Texas." I agree that there exists no per se nudity ban, however, our Legislature in its great wisdom did say that if a person chooses to intentionally or knowingly appear naked in a public place or on public property, and their so doing is in reckless disregard of those who would be offended by such conduct, that such is a crime. But for § 42.01(a)(12), no public place in the State of Texas is shielded from such conduct.

The evidence in this case clearly supports the jury's determination that Lacour committed a crime against the laws of this State. I would affirm the trial court's judgment.