**Russell Lee SWIRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–98–552CR.**

Court of Appeals of Texas,
Beaumont.

Submitted May 20, 1999.

Decided Aug. 11, 1999.

Jay Tantzen, Orange, for appellant.

John D. Kimbrough, County Atty., Andria Bender, Asst. County Atty., Orange, for state.

## OPINION

STOVER, Justice.

Russell Lee Swire was found guilty in a bench trial of the offense of indecent exposure. He was sentenced by the trial court to thirty days confinement in the county jail and a fine of $500.00. On appeal, Swire challenges the sufficiency of the evidence to support the conviction.

Ronald Roy and his wife Rhonda are Swire's next door neighbors. Mr. Roy testified that Mrs. Roy had been complaining for a couple of years that Swire "was making gestures at her and hiding behind trees; in essence, stalking her." Mr. Roy testified that Swire had also acted in a similar manner toward his thirteen year old daughter. Mrs. Roy testified that "she kept feeling somebody watching [her]." She stated, "I started seeing him look out his windows, and he started looking out his back door." "Every time I hung up my laundry, there he was, walking around looking at me all the time." Swire's activity made Mrs. Roy feel uncomfortable, and so the Roys set up a videotape in an outside pump house aimed in the direction of Swire's backyard. At the time the video camera was set up, Mr. Roy believed Swire was stalking his wife, but he had no idea Swire was exposing himself or masturbating. Mrs. Roy testified she and her husband intended to use the tapes to confront Swire about his behavior with the expectation of getting him to stop.

On the morning of the offense, Mrs. Roy was in and out of her backyard all morning until around 11:00 a.m. She testified, "I was hanging up laundry and I kept seeing him going real quick ..., you could see him hurry up and try to hide himself from me." She also saw Swire with a pump sprayer. Later she viewed the video tape that had been recorded that morning. She testified that as she watched the tape, she saw that Swire had been masturbating, and she could see his penis. She stated, "When he's walking with the spray thing ... I seen him start licking his hand and then he starts doing it." She was shocked and found it very offensive. Mrs. Roy did not see Swire expose himself except on the videotape.

Mr. Roy called the Orange County Sheriff's department and made a report. Deputy Fred Hanauer was dispatched to the Roys' home. Hanauer testified the tape depicted a gentleman, later identified as Swire, in his backyard. "He was carrying some type of spray bottle; and as he walked around the yard looking in the direction of the Roy residence, he was obviously masturbating." Hanauer could see that Swire's penis was exposed. Detective Danny Moore testified that he had taken Swire's statement in which Swire admitted he had been in his backyard doing chores and "that he was doing something to himself."

The video tape exhibits Swire masturbating while walking around his yard pretending to do yard chores. A chain link fence separates the two properties. Initially Swire is seen with a pump sprayer in one hand, masturbating with the other. Later he replaces the sprayer with a large white bucket while continuing to masturbate. Swire was obviously making an effort to conceal himself with the sprayer and bucket and surrounding bushes, but at times he is in clear view of the Roys' yard, and at times his penis is exposed.

In his sole point of error, Swire contends the trial court erred in denying his motion for directed verdict when the evidence was insufficient to sustain a con-

viction for indecent exposure. A challenge to a trial court's ruling on a motion for a directed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction. *See Cook v. State*, 858 S.W.2d 467, 470 (Tex.Crim.App.1993); *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App.1990). In reviewing the sufficiency of the evidence, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Rabbani v. State*, 847 S.W.2d 555, 558 (Tex.Crim.App.1992).

■ A sufficiency of the evidence challenge is measured only by the elements of the offense as defined by a hypothetically correct jury charge for the case. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). A hypothetically correct charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* This standard applies to both jury and bench trials. *Id.*

■ Swire was charged under TEX. PEN. CODE ANN. § 21.08 (Vernon 1994) which contains the following elements: (1) A person, (2) exposes his anus or any part of his genitals, (3) with intent to arouse or gratify the sexual desire of any person, and (4) he is reckless about whether another is present who will be offended or alarmed by his act. *See Wallace v. State*, 550 S.W.2d 89, 91 (Tex.Crim.App.1977).

The record clearly shows that Swire was the person committing the offense with the intent to arouse or gratify his own sexual desire. There was also evidence that Swire exposed his genitals. Mrs. Roy testified that while watching the video, she saw Swire's penis "a couple of times." Deputy Hanauer also testified that, in the video, Swire's penis was exposed.[1] *See, e.g., McGee v. State*, 804 S.W.2d 546, 547 (Tex.App.—Houston [14th Dist.] 1991, no pet.) (Where defendant was seen masturbating in store dressing room, State was not required to prove that appellant intended for another to see his genitals, merely that his genitals were open to view.)

■ The evidence also demonstrates that Swire was reckless about whether another person was present who would be offended or alarmed by his act. Recklessness is defined by the Penal Code as follows:

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PEN.CODE ANN. § 6.03(c) (Vernon 1994).

The record clearly shows that Swire's behavior was reckless. Mrs. Roy testified she was in her backyard "[a]ll the time" tending to such chores as gardening, cleaning the swimming pool, and hanging the laundry. She stated that "[e]very time I hung up my laundry, there he was, walking around looking at me all the time." It can readily be inferred from Mrs. Roy's

---

1. This case is distinguishable from *Beasley v. State*, 906 S.W.2d 270 (Tex.App.—Beaumont 1995, no pet). In *Beasley*, we held that the conviction was not supported by the evidence where the defendant covered his penis with his hand during the entire incident and the victim testified she did not see the defendant's penis. *Id.* at 272. In the instant case, witnesses testified the defendant's penis was exposed.

testimony that Swire was aware that he could be seen by his neighbors. *See, e.g., Young v. State,* 976 S.W.2d 771 (Tex. App.—Houston [1st Dist.] 1998, pet ref'd) (Where defendant was seen in park area behind public rest area with penis in plain view, evidence was sufficient to support recklessness element because, as far as defendant knew, other people could have been in the park exploring the trails.).

This case is distinguishable from our recent opinion in *Lacour v. State,* 980 S.W.2d 525 (Tex.App.—Beaumont 1998, pet. granted). In *Lacour,* we reversed a conviction for disorderly conduct. Lacour was part of a group of nudists on a section of a Gulf Coast beach. We found the State had not produced evidence demonstrating Lacour acted recklessly regarding whether others might be present because he was at a remote, secluded area of the beach that could not easily be seen from adjacent property. *Id.* at 526–27. In the instant case, the video tape clearly demonstrates that Swire could be seen from the Roys' yard.

Swire argues the evidence was insufficient to prove that he exposed himself to Mrs. Roy or that another person was present who would be offended and alarmed by his actions.[2] He argues that if he exposed himself it would have been to a video camera, of which he had no knowledge, that was placed in a position to spy on him in his own backyard.

■ Under the principles of *Malik* as set forth above, the State was not required to prove that Swire exposed himself to Mrs. Roy or that another person was present. Such a requirement would increase the State's burden of proof beyond what is required by § 21.08. *See Malik,* 953

S.W.2d at 240. The person to whom the offense is directed is not an essential element of the offense of indecent exposure. *Wallace,* 550 S.W.2d at 91; *Young,* 976 S.W.2d at 774; *Hefner v. State,* 934 S.W.2d 855, 857 (Tex.App.—Houston [1st Dist.] 1996, pet ref'd); *McGee,* 804 S.W.2d at 547 (conviction would stand even without proof that defendant exposed himself to store manager). Thus, the conviction will stand even without proof that Swire exposed himself to Mrs. Roy or that another person was present.

Viewing the evidence in the light most favorable to the verdict, we find the evidence is legally sufficient to support the conviction of indecent exposure. Swire's sole point of error is overruled.

AFFIRMED.

BURGESS, Justice, dissenting.

I reluctantly dissent. The legal question is whether an individual commits indecent exposure[1] when he exposes himself to a video camera rather than a human. A recent case, *Young v. State,* 976 S.W.2d 771, 773–74 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd) (citing *McGee v. State,* 804 S.W.2d 546, 547 (Tex.App.—Houston [14th Dist.] 1991, no pet.)), held that indecent exposure requires that a defendant actually expose himself to another individual. In *Beasley v. State,* 906 S.W.2d 270, 272 (Tex. App.—Beaumont 1995, no pet.), this court ordered the acquittal of Beasley because he did not "expose" his penis. We stated:

Using the complainant's own words, "His left hand was used almost like a shield. It blocked my view of his penis." "His hand shielded the penis area.", "The only thing I could not see was his

---

2. The information charging Swire with indecent exposure stated that Swire "did then and there expose to Rhonda Roy his genitals and a part of his genitals with intent to arouse and gratify the sexual desire of Russell Lee Swire, and the said Russell Lee Swire was reckless about whether another was present who would be offended and alarmed by such act...."

1. A person commits the offense of indecent exposure if "he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." Tex. Pen.Code Ann. § 21.08 (Vernon 1994).

penis which was shielded by his hand." and "[H]e had his left hand in the way blocking the view of his penis." There is no evidence appellant exposed his genitals. Since appellant effectively hid his genitals from view, as evidenced by the complainant's testimony, there was no exposure within the meaning of the statute.

Clearly, this case is not quite the *Beasley* case because Swire exposed his penis, but he exposed it to a video camera, which was unknown to him,[2] not to Mrs. Roy herself. But on the other hand, it is similar to *Beasley* in that Swire effectively hid his genitals from Mrs. Roy's actual view. Swire's actions were disgusting, repugnant and inexcusable, but they were not criminal at the time they were being committed. Therefore, I would reverse the judgment and order an acquittal.

---

**2.** Exposure to a known video camera would be a different question.