**William Robert BROUSSARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–01279–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1999.

Rehearing Overruled Sept. 2, 1999.

478

Dick DeGuerin, Matt Hennessy, Houston, for appellants.

Eric Kugler, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## OPINION

DON WITTIG, Justice.

Appellant, William Robert Broussard, pled not guilty before a jury to the offense of indecent exposure. *See* Tex. Pen.Code Ann. § 21.08 (Vernon 1994). He was convicted, and the court assessed punishment at ninety days confinement in the Harris County Jail with a $1,000 fine probated for two years. In five issues, appellant asserts the trial court erred in overruling evidentiary objections concerning "same transaction contextual evidence" and finding the evidence was legally and factually sufficient to support his conviction. We affirm.

### Background

One evening, Officer Surginer went into an adult book store located on the Gulf Freeway. The book store was open to the public and Officer Surginer was working undercover. In the back section of the store, there was a small theater approximately fifteen feet by twenty feet. Officer Surginer paid an admission fee and entered the theater. Officer Surginer stood against the wall to make observations. He observed two patrons exposing themselves and masturbating. Appellant then came into the theater, stood against the back wall, exposed himself, and began masturbating. Meanwhile, one of the original two active patrons left the theater, and the other patron moved closer to appellant. He began masturbating appellant and eventually performed oral sex on appellant. After the movie ended, Officer Surginer arrested appellant and the other individual.

### Analysis

#### *Extraneous Offense*

■ In appellant's first two issues, he asserts the trial court erred in admitting the "same transaction contextual evidence." Specifically, he contends the court erred by overruling his 404(b) and 403 evidentiary objections. The State charged appellant with indecent exposure. Tex. Pen.Code Ann. § 21.08. The information states he committed the offense by "MASTURBATING HIS EXPOSED PENIS...." Therefore, appellant argues the same transaction contextual evidence was irrelevant and highly prejudicial. We disagree.

■ Appellant's conduct with the other man in the theater is evidence that is classifiable as same transaction contextual evidence. *See Rogers v. State*, 853 S.W.2d 29, 32–33 (Tex.Crim.App.1993); *Mayes v. State*, 816 S.W.2d 79, 86–87 (Tex.Crim. App.1991). Same transaction contextual evidence is evidence of other offenses connected with the primary offense where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others." *Mayes*, 816 S.W.2d at n. 2.

#### Relevancy

■ A rule 404(b) objection necessarily requires a relevancy analysis even if appellant did not specifically articulate his objection on grounds of relevance. *See Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim.App.1998) (op. on reh'g). In reviewing relevance, we examine every case on its own facts to determine whether the extraneous transaction is relevant. *See Santellan v. State*, 939 S.W.2d 155, 167 (Tex.Crim.App.1997). Appellant does not dispute his commission of the extraneous offense, public lewdness. *See* Tex. Pen. Code Ann. § 21.07 (Vernon 1994). Therefore, we can move directly to a review of its relevance. *See Santellan*, 939 S.W.2d at 167.

■ Appellant pled not guilty to indecent exposure. Consequently, the State was required to prove the elements of indecent exposure beyond a reasonable doubt. The complained of evidence was part of the same transaction, and it pro-

vides the jury valuable insight on appellant's intent to satisfy his sexual desires and on the degree of recklessness concerning his conduct in a public venue. Therefore, we find the trial court did not abuse its discretion finding this evidence relevant. *See* Tex.R. Evid. 401.

### Rule 404(b)

■ Finding the evidence relevant, we now consider Texas Rule of Evidence 404(b). Tex.R. Evid. 404(b). This rule prohibits the admission of evidence of extraneous offenses for the purpose of proving the character of the defendant in order to show that he acted in conformity with that character on the occasion in question. *Id.; see Santellan,* 939 S.W.2d at 168. The rule, however, provides an illustrative list of exceptions when the evidence is admitted to show proof of motive, intent, opportunity, preparation, plan, knowledge, identity or to defend against the defense of mistake or accident. *See* Rule 404(b); *Santellan,* 939 S.W.2d at 168. For extraneous offense evidence to be admitted, the proponent must persuade the trial court that the extraneous offense evidence:[1]

tends to establish some elemental fact, such as identity or intent; that it tends to establish some evidentiary fact, such as motive, opportunity or preparation, leading inferentially to an elemental fact; or that it rebuts a defense theory by showing, e.g. absence of mistake of accident ... [or] that it is relevant upon a logical inference not anticipated by the rule makers.

*Santellan,* 939 S.W.2d at 168–69.

In *Santellan,* the defendant was charged with capital murder. *Id.* at 159; *see* Tex. Pen.Code Ann. § 19.03(a)(2) (Vernon 1994). The extraneous offense evidence, abuse of a corpse for the two days immediately following the murder, was entered as evidence over objection. *Id.* The court recognized the defendant's actions with the victim's body gave valuable insight into defendant's motive, plan, and

intent in perpetrating the crime. *Id.* Ultimately, the court held, although a legally separate offense, defendant's sexual abuse of the victim's corpse was blended or interwoven with the indicted offense, and was essential to the understanding the context and circumstances of the crime charged. *Id.*

Here, appellant was charged with indecent exposure with the following:

Defendant ... did then and there unlawfully expose part of his genitals, namely penis to B. Surginer with intent to arouse and gratify the sexual desire of William Robert Broussard, and the Defendant was reckless about whether another person was present who would be offended and alarmed by the act, to wit: BY MASTURBATING HIS EXPOSED PENIS IN A PUBLIC PLACE WHILE KNOWING THAT SOMEONE IS PRESENT WHO MIGHT BE OFFENDED OR ALARMED.

Appellant timely objected to the evidence that the other man first masturbated him and then performed oral sex on him. We will address both of these acts together. As noted, the evidence of the extraneous offenses was clearly relevant. Appellant objected to the admission of this evidence as character evidence. The trial court overruled his objection, and the evidence was admitted. Following the *Santellan* case, the extraneous offense evidence that appellant received masturbation and oral sex from another gave notable insight into appellant's motive and intent in perpetrating this crime. This evidence was significant to the State's case. Specifically, it clearly demonstrates appellant exposed part of his genitals with the *intent to arouse and gratify his sexual desire.* Therefore, the extraneous offense evidence was part of the same transaction as the indicted offense and was relevant to the State's case in proving the essential elements of the charged crime. We find the trial court's ruling was within the "zone of

**1.** Appellant fails to challenge whether the     State satisfied this burden.

reasonable disagreement" and overrule appellant's first issue. *See Santellan,* 939 S.W.2d at 169.

### Rule 403

▆▆▆▆ Appellant further objected that the extraneous offense evidence was inadmissible because the probative value of the evidence was substantially outweighed by its potential for unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. *See* Tex.R. Evid. 403. Relevant evidence is presumed to be more probative than prejudicial. *Montgomery v. State,* 810 S.W.2d 372, 389 (Tex.Crim. App.1991) (op. on reh'g). In making its determination, the trial court should go into the Rule 403 balancing test:

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense;

(4) the force of the proponent's need for this evidence to prove a fact consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*Santellan,* 939 S.W.2d at 169 (footnote omitted) (citing *Montgomery,* 810 S.W.2d at 389–90). Reversal is only required upon a clear abuse of discretion. *See Ransom v. State,* 920 S.W.2d 288, 299 (Tex. Crim.App.1996).

▆▆▆▆ Examining the probative value of this evidence, we recognize it was relevant and an important part of proving the State's case. As previously recognized,

this evidence established that appellant intended to be sexually gratified and established his recklessness in engaging in certain conduct regardless of the presence of others and what they might think about such activity. On the other hand, we recognize masturbation and homosexual conduct occurring in a public setting with an apparent stranger might cause disgust and repulsion to members of the general public. This self-induced prejudice is apparent. However, this evidence was highly probative in establishing elements of the State's case beyond a reasonable doubt. Accordingly, we hold the trial court did not abuse its discretion concluding that the danger of unfair prejudice did not substantially outweigh the probative value of this evidence. We overrule appellant's second issue.

### *Sufficiency*

In his third issue, appellant asserts the evidence is legally insufficient to support his conviction. When reviewing the legal sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State,* 905 S.W.2d 570, 574 (Tex.Crim.App.1995). The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *See Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Id.* This standard of review is the same for cases involving either direct or circumstantial evidence. *See Chambers v. State,* 711 S.W.2d 240, 245 (Tex.Crim. App.1986).

▆▆▆▆ A person commits the offense of indecent exposure if "he exposes his anus or any part of his genitals with the intent to arouse or gratify the sexual desire of

any person, and he is reckless about whether another person is present who will be offended or alarmed by his act." TEX. PEN.CODE ANN. § 21.08. The information stated appellant committed the offense "by masturbating his exposed penis in a public place while *knowing* that someone is present who might be offended or alarmed." (original emphasis deleted and emphasis added). The State's charge raised its burden of proof from being *reckless* about whether another is present to *knowing* that someone is present. *See Leal v. State,* 975 S.W.2d 636, 639 (Tex. App.—San Antonio 1998, pet. ref'd) (recognizing that "if any unnecessary language included in an indictment describing an essential element of the crime charged, the State must prove the allegation, though needlessly pleaded, ...").

▮▮▮▮▮ Specifically, appellant argues there is no evidence demonstrating he was reckless by *knowing* someone was present who might be offended or alarmed. Neither the statute nor the charge requires that someone actually be offended. *See Wallace v. State,* 550 S.W.2d 89, 91 (Tex. Crim.App.1977); *Hefner v. State,* 934 S.W.2d 855, 857 (Tex.App.—Houston [1 st Dist.] 1996, pet. ref'd). The person to whom the offense is directed is not an essential element. *See Wallace,* 550 S.W.2d at 91; *Hefner,* 934 S.W.2d at 857. At all relevant times, the record indicates there was three or more persons present and visible within the theater. Therefore, sufficient evidence exists to allow one to infer appellant knew others were present who might be offended or alarmed.

▮▮▮▮ Appellant also asserts he was not reckless because of the seediness of this particular location. Appellant relies on the *Lacour v. State,* a split decision. 980 S.W.2d 525 (Tex.App.—Beaumont 1998, pet. granted). In *Lacour,* the defendant, along with more than a hundred other nudists, was naked on a remote portion of a very secluded but public beach. *Id.* at 527. The court found the defendant was not reckless because "the State produced no evidence that [he] was aware of but consciously disregarded a substantial and unjustifiable risk that others would be present...." *Id.* The dissent adamantly points out that the defendant was on a public beach. *Id.* at 527–28 (Walker, J., dissenting).

Interestingly, *Lacour* failed to distinguish *Hefner.* In *Hefner,* the defendant argued he did not deviate from the standard of care of a person patronizing an adult book store by inserting his penis through a hole in a partition, (invited by an officer's gesture) and consequently, he was not reckless. 934 S.W.2d at 856. The court found the location was not necessarily controlling, but recognized that even if it were controlling, there were no signs or advertisements warning of live nudity.[2] *Id.* at 857–58. In addition, the court noted the defendant did not know who else was present. *Id.* Ultimately, the court found the evidence was sufficient, pointing out that as far as the defendant knew "the other person was present simply to watch a movie, not to see his body." *Id.*

Here, appellant was in a public theater in a public adult bookstore. Although appellant argues the bookstore was extremely seedy, it nevertheless was a public place and open to any individual of appropriate age. There were no signs or warnings indicating live nudity or live sex acts. Appellant not only watched the film, he also masturbated openly. Appellant's argument presumes that people who were in the theater were not offended by the graphic materials displayed and content in the film and therefore would not be offended by seeing similar nudity and sex acts in person. Such a conclusion does not follow logically from its premises any more than

---

2. Likewise, there was no sign indicating or warning that Lacour and his compatriots were sunbathing in the nude. *See Lacour,* 980 S.W.2d at 525–27. We would note the vast distinction of the isolated *Lacour* beach *vis a vis* the I 45 Gulf Freeway theater location not to mention the disparate conduct.

a presumption that some people who may occasionally watch violent acts on television would not be offended to witness real acts of violence in person. Viewing the evidence in the light most favorable to the verdict, there was sufficient evidence for the jury to find the essential elements of the offense beyond a reasonable doubt. Accordingly, we overrule appellant's third issue.

In appellant's fourth issue, he challenges the factual sufficiency of the evidence. When reviewing the factual sufficiency of the evidence, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so "contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Although we are authorized to disagree with the verdict, a factual sufficiency review must be appropriately deferential so as to avoid substituting our judgment for that of the trier of fact. *Id.*

Appellant argues, as controverting evidence, the pictures of the book store, the contents of the book store, and the theater's location in the book store overwhelmingly demonstrate that the jury's finding, appellant was reckless, is clearly wrong and unjust. Giving due deference to the jury's conclusion, we find the evidence is factual sufficient to support the jury's findings. Accordingly, we overrule appellant's final issue.

We affirm the judgment of the trial court.