David LACOUR, Appellant,

v.

The STATE of Texas.

No. 1911–98.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 5, 2000.

Carl A. Parker, Port Arthur, for appellant.

Rodney D. Conerly, Asst. Dist. Atty., Beaumont, Matthew Paul, State's Atty., Austin, for State.

## OPINION

McCORMICK, P. J., delivered the opinion of the Court in which MANSFIELD, KELLER, PRICE, HOLLAND, WOMACK and KEASLER, JJ., joined.

The Court of Appeals overturned on legal sufficiency grounds a jury's verdict convicting appellant of disorderly conduct as defined in Section 42.01(a)(12) of the Texas Penal Code which makes it a crime for a person to be naked in a "public place" if that person "is reckless about whether another may be present who will be offended or alarmed by his act." The evidence shows that appellant and about 100 other nudists were naked on a public beach. The complainant was offended by this public nakedness when he took his family to the beach to fish and saw appellant and the other nudists.

The complainant considered this particular public beach a good fishing location. The complainant had seen and been offended by nudists naked on this beach before when the complainant had gone there to fish. The complainant had complained to law enforcement authorities about the nudists' activities on this beach. The nudists apparently picked this particular beach to carry on their activities be-

cause it was not easily accessible to the public. The nudists' attitude was that if their public nakedness on the beach offended other people, then these people should go elsewhere.

In a 2–1 decision the Court of Appeals decided it would have been irrational for a jury to find that appellant was naked in a "public place" and that he was reckless about whether another may be present and offended by his nakedness because the public beach was "remote" and "secluded" and "could not easily be seen from adjacent property." *Lacour v. State,* 980 S.W.2d 525, 527 (Tex.App.—Beaumont 1998). The dissenting opinion claimed this decision empowered nudists with eminent domain authority "to condemn any portion of our Texas beaches in order to promote their own interest, requiring any offended citizenry to go elsewhere." *Lacour,* 980 S.W.2d at 528 (Walker, C.J., dissenting). We exercised our discretionary authority to review the Court of Appeals' decision.

The State argues the evidence of appellant's guilt is overwhelming under the "plain" language of Section 42.01(a)(12). Appellant argues he should not be held to be reckless "for engaging in nude swimming and sunbathing at a location where approximately 100–500 other persons regularly engaged in the same conduct" because "no one would believe that those in attendance would be offended by the conduct that they themselves were engaging in." Appellant also argues that one "may reasonably infer from [the complainant's] testimony that it would have been easier for him to avoid offensive scenery by keeping his eyes on the road."

■ The Court of Appeals appears to have misconstrued Section 42.01(a)(12) and to have misapplied the appellate standard of review for assessing evidentiary sufficiency. The relevant appellate inquiry for assessing evidentiary sufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." See *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). This standard is meant to give "full play to the [jury's] responsibility fairly" to "draw reasonable inferences from basic facts to ultimate facts." See *Jackson,* 99 S.Ct. at 2789.

Section 42.01(a)(12) makes no exceptions for public places that are "remote" or "secluded" or for when others are "regularly engaged in the same conduct." And, it does not require someone like the complainant to "keep his eyes on the road."

■ And, on this record, a rational jury could have found that appellant was naked in a "public place" and that he was "reckless about whether another may be present who will be offended or alarmed" by his public nakedness. A rational jury could have inferred the ultimate fact of appellant's recklessness from the basic fact of his nakedness on a public beach. We do not agree with appellant's contention that this holding makes nudity *per se* an offense contrary to the plain language of Section 42.01(a)(12). This holding does not dispense with the . State's obligation to prove recklessness in a prosecution under Section 42.01(a)(12).

The judgment of the Court of Appeals is reversed and the case is remanded there to address appellant's other points of error.

MEYERS, J., filed a concurring opinion; JOHNSON, J., dissents.

MEYERS, J., filed this concurring opinion.

The majority correctly reverses the judgment of the Court of Appeals. While the fact that one hundred other nudists were on the beach certainly suggests the conduct was not offensive to everyone on the beach, it says nothing about whether the conduct was offensive to non-nudists who also had a right to be there. Under the Court of Appeals' logic, if participants

in the disorderly conduct greatly outnumber nonparticipants, then participants are not reckless in their expectations that others will not be offended. Thus, according to the Court of Appeals, the viewpoint of the majority participants in the questionable conduct is determinative of what is offensive. This view of the evidence in a light favorable to the actors is contrary to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Such view of the evidence is also inconsistent with the definition of "recklessness," which subsumes the standard of care of an ordinary, reasonably prudent person, not the standard of care of the particular actor.[1]

With these comments, I concur in the judgment of Court.

---

1. The Penal Code defines reckless conduct as follows:

   A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from *the standard of care that an ordinary person would exercise* under all the circumstances as viewed from the actor's standpoint.

   Tex. Penal Code § 6.03(c). The evidence is sufficient to prove reckless conduct when, viewing the evidence in the light most favorable to the verdict, the "evidence supports the jury finding that an ordinary person or reasonably prudent person, in appellant's position, ought to have been aware that a substantial and unjustifiable risk was created by the appellant's conduct." *Lopez v. State,* 630 S.W.2d 936, 941 (Tex.Crim.App.1982).