

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00010-CR

_____

LARRY JOE MCNEAL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Lamar County, Texas
Trial Court No. 61963

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After work in early 2014, Kelli Unruh went for a jog in a public park in Paris, Texas. Her experience that day, however, caused her to telephone, first, her husband and, second, 9-1-1. As she completed her two-mile jog that late afternoon, she noticed a man, later identified as Larry Joe McNeal, standing by a white Sports Utility Vehicle, partially screened by its open door but facing her and making continuous hand movements leading her to conclude that he was masturbating in her general direction. As a result of this event, McNeal was charged with, and convicted of, indecent exposure and sentenced to 120 days in jail.

On appeal, McNeal complains of the legal insufficiency of the evidence on two points: first, that McNeal actually exposed himself and, second, that the complainant was alarmed or offended by McNeal's exposure. We affirm the trial court's judgment, because (1) there is legally sufficient evidence that McNeal exposed his genitals, and (2) there is legally sufficient evidence that McNeal was reckless about whether another was present who would be offended or alarmed by his act.

To properly consider a claim that evidence is legally insufficient, we consider all evidence and reasonable inferences therefrom "in the light most favorable to the verdict and determine whether a rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt." *IslasMartinez v. State*, 452 S.W.3d 874, 877 (Tex. App.—Dallas 2014, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Wise v. State*, 364 S.W.3d 900, 902 (Tex. Crim. App. 2012)). It is the role of the fact-finder, not the court on appeal, to resolve evidentiary conflicts, determine credibility, and weigh the various bits of evidence. *Id.* (citing

2

*Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000)); *see Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

We measure the sufficiency of the evidence against the challenged elements of the offense using a hypothetically correct jury charge applicable to the case. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). That hypothetical charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

McNeal was charged with indecent exposure, which offense has the following elements: (1) a person, (2) exposes his anus or any part of his genitals, (3) with intent to arouse or gratify the sexual desire of any person, and (4) he is reckless about whether another is present who will be offended or alarmed by his act. TEX. PENAL CODE ANN. § 21.08 (West 2011); *see Wallace v. State*, 550 S.W.2d 89, 91 (Tex. Crim. App. 1977); *Swire v. State*, 997 S.W.2d 370 (Tex. App.—Beaumont 1999, no pet.). Just two of those elements are challenged by McNeal on appeal, whether McNeal exposed himself as required by the statute and whether he was reckless concerning the presence of another who would be offended or alarmed. We address each in turn.

*(1)     There Is Legally Sufficient Evidence that McNeal Exposed His Genitals*

McNeal argues that, because Unruh did not see McNeal's genitals, he did not expose himself within the meaning of the statute. We disagree.

The cases interpreting the statutory meaning of "expose" are pretty consistent that the victim need not actually see genitals for there to be "exposure."

Just a few years ago, the Texas Court of Criminal Appeals ruled that indecent exposure under Section 21.08 of the Texas Penal Code is a lesser-included offense of indecency with a child by exposure under Section 21.11(a)(2)(A). It reasoned that the exposure element is identical under the two statutes, that the added element of proof is the presence of a child, and that the other apparent difference, recklessness concerning the presence of another who would be offended or alarmed, is implied in the case of a child victim.[1] *See Ex parte Amador*, 326 S.W.3d 202, 207 (Tex. Crim. App. 2010). Later, that court explained its *Amador* opinion by stating that exposure in a child's presence does not require the child to be aware of the exposure or see the exposed offending body part.[2] *See Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011). Because the element of exposure is the same in each offense, cases that interpret "exposure" under either statute support our analysis.

---

[1]"The law in effect presumes that all children are or should be 'offended or alarmed' by such exposure. Thus, there is no need to require the State to show that a given child was in fact 'offended or alarmed' by a defendant's act of exposure." *Ex parte Amador*, 326 S.W.3d 202, 207 (Tex. Crim. App. 2010).

[2]The court explained:

> In *Ex parte Amador*, we established that indecency with a child by exposure does not depend upon the child suffering any harm from seeing the defendant's genitals. *Amador*, 326 S.W.3d at 207, 208. . . . The child need only be "present" for the offense to be effectuated; the child does not even have to be aware of the exposure. As Judge Cochran stated in her concurring opinion, "The offense is based on the defendant's actions and mental state, not the other person's comprehension." *See id.* at 209 (Cochran, J., concurring) (citing *Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.—Austin 1999, pet. ref'd) (upholding conviction for indecency with child by exposure even though child did not see defendant's genitals)).

*Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011).

4

Cases with similarities to the present case hold that direct exposure to the victim is not required. Where a victim testified that a defendant was naked from the waist down and was masturbating as he looked at her, though she never actually saw his genitals, the conviction for indecent exposure was affirmed. *See Metts v. State*, 22 S.W.3d 544 (Tex. App.—Fort Worth 2000, pet. ref'd). And, where a video recording showed a defendant uncovering his penis and masturbating as he watched his neighbor, that conviction for indecent exposure was upheld, though the neighbor did not know what he was doing at the time and did not see his genitals. *See Swire*, 997 S.W.2d at 372.

Other precedents on this point under both statutes generally agree that the victim's direct view of the key body part is not required. *See Breckenridge v. State*, 40 S.W.3d 118, 124–25 (Tex. App.—San Antonio 2000, pet. ref'd) ("[S]ection 21.11(a) does not require a showing that the victim actually saw the accused's genitals."); *Wilson v. State*, 9 S.W.3d 852, 856 (Tex. App.—Austin 2000, no pet.) (two child victims, two charges, only one child saw defendant's genitals); *Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.—Austin 1999, pet. ref'd); *Balfour v. State*, 993 S.W.2d 765, 769 (Tex. App.—Austin 1999, pet. ref'd); *see also Amador*, 326 S.W.3d at 209 (Cochran, J., concurring); *Miller v. State*, 243 S.W.2d 175, 176 (Tex. Crim. App. 1951) (exposure does not require "exposed to sight"); *McGee v. State*, 804 S.W.2d 546, 547 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (defendant masturbating in store dressing room supported conviction, without proof appellant intended another to see his genitals but with proof they were open to view).

McNeal cites a case with an apparently contrary proposition. In that case, a defendant's lower body was naked and visible, but he covered his penis with his hand so the victim could not

see it; our sister court held there was no exposure of his genitals within the terms of the statute. *See Beasley v. State*, 906 S.W.2d 270 (Tex. App.—Beaumont 1995, no pet.). We distinguish *Beasley*, in that its evidence suggested no exposure of Beasley's genitals to anyone or generally, given that his hand completely covered his private parts. We would also note that the same court has also subsequently distinguished *Beasley* on its facts and ruled consistently with our holding today. *See Swire*, 997 S.W.2d at 372 n.1.

Though Unruh unequivocally testified that, because of the screening position of the vehicle's door, she never actually saw McNeal's genitals, Unruh believed she saw McNeal masturbating, based on his hand motions, which she observed taking place continually for approximately two minutes as she was walking on the track while calling and talking with her husband and then 9-1-1 personnel. Unruh described McNeal's position as being behind the door of his vehicle but facing the track area where she was running and walking. From her description, it is a reasonable conclusion that McNeal's genitals were exposed to plain view, just not directly to Unruh's view, based on her vantage point.

We overrule this point of error.

*(2)*      *There Is Legally Sufficient Evidence that McNeal Was Reckless about Whether Another Was Present Who Would Be Offended or Alarmed by His Act*

McNeal also argues that, because there was no proof that he exposed himself to Unruh, there is also no proof that she was offended by his exposure. The State perceives McNeal's argument to be that there is no proof that Unruh was offended or alarmed.[3] To the contrary,

---

[3]There is, in fact, testimony that Unruh was alarmed.

McNeal argues that the failure of proof is that the offense or alarm of Unruh was because of exposure by McNeal. We review, however, a third option—the only viable argument relative to this element of the offense—that McNeal was reckless about whether another was present who would be offended or alarmed by his exposure. That is the relevant element of proof called for by the hypothetically correct jury charge, as we have mentioned above.

In an indecent exposure case, to allege this element, the State must allege circumstances indicating that the defendant was aware of the risk that another person was present who would be offended by his act of exposing himself and that the defendant acted in conscious disregard of that risk. *State v. York*, 31 S.W.3d 798, 801 (Tex. App.—Dallas 2000, pet. ref'd). Actual offense or alarm by a victim is not required. *Id*. at 802. McNeal was standing in a public park in the presence of other people, including Unruh, who was jogging on the public track in the area, in plain sight. He was standing by his car, and Unruh observed him for approximately two minutes doing hand motions causing her to conclude that he was masturbating. Legally sufficient evidence supports the fact-finding on this element of proof. We overrule this point of error.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice


Date Submitted:     August 31, 2015
Date Decided:       September 2, 2015

Do Not Publish

7