In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00710-CR

____________


LOGAN RAY GIESIE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 12

Harris County, Texas

Trial Court Cause No. 1040895






O P I N I O N

 A jury found appellant guilty of the misdemeanor offense of indecent exposure. The
court assessed punishment at 180 days in jail, but suspended the sentence and placed
appellant on community supervision for two years. In two issues presented for our review,
appellant argues the evidence was legally and factually insufficient to support his conviction. 
We affirm.

BACKGROUND


 Houston Police Officer B.T. Surginer, working undercover, entered the Gulf Freeway
News and Video Store. The store had a large stock of x-rated movies for sale. It also
contained an adult arcade, which was made up of several plywood booths, each with a bench
and a television monitor for customers to view the x-rated movies. Each booth had a door
with a lock.

 Officer Surginer walked through the arcade and saw appellant "in one of the booths"
watching an x-rated movie and rubbing his genitals from the outside of his clothing. The
door to appellant's booth was open, and as Officer Surginer walked by, appellant made eye
contact with him. Appellant continued to rub his genitals and stare at Surginer. Surginer
moved closer to the booth and stood in its doorway. Appellant then unzipped his pants,
removed his penis, and masturbated as he stared at Surginer. Surginer then closed the door
to appellant's booth, identified himself as a peace officer, and placed appellant under arrest
for indecent exposure. 

DISCUSSION


 In his first point of error, appellant argues that the evidence was legally insufficient
to prove that he "was reckless about whether a person might be present who would have been
offended or alarmed when he exposed his penis." In his second point of error, appellant
argues that the evidence is factually insufficient to prove he was reckless.

 In reviewing the evidence on legal sufficiency grounds, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). In reviewing the evidence on factual sufficiency
grounds, we ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Id. at 563. We must avoid substituting our judgment for that
of the fact finder. Id.

 A person commits the offense of indecent exposure if he exposes his anus or any part
of his genitals with the intent to arouse or gratify the sexual desire of any person and he is
reckless about whether another is present who will be offended or alarmed by his act. Tex.
Pen. Code Ann. § 21.08(a) (Vernon 1994). The statute does not require that another person
actually be offended for a person to commit the crime of indecent exposure. Broussard v.
State, 999 S.W.2d 477, 483 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd.) The person
to whom the exposure is directed is not an essential element. Id. Recklessness is based on
an objective standard viewed through the eyes of the ordinary person standing in appellant's
shoes. Hefner v. State, 934 S.W.2d 855, 857 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 Appellant argues that, because Officer Surginer knew appellant was masturbating
through his clothing and continued to make eye contact with appellant and move towards the
booth, the evidence was legally and factually insufficient to show that appellant acted
recklessly about whether a person might be present who would have been offended or
alarmed when he exposed his penis. Appellant further argues that, because the incident took
place in a "dark adult bookstore where a video depicting sexual intercourse was being
broadcast," he did not act recklessly.

 We find, after reviewing the evidence in the light most favorable to the verdict, a
rational trier of fact could have found that appellant acted recklessly about whether a person
might be present who would have been offended or alarmed when appellant exposed his
penis. Furthermore, we find that the evidence on this point was not so weak as to undermine
confidence in the jury's determination nor was it greatly outweighed by contrary proof. See
King, 29 S.W.3d at 563.

CONCLUSION

 We affirm the judgment of the trial court.


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.