NO. 12-04-00327-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


LETA LEE MOORE,                                         §     APPEAL FROM THE 
APPELLANT

V.                                                                         §     COUNTY COURT AT LAW OF

THE STATE OF TEXAS,
APPELLEE                                                        §     HENDERSON COUNTY, TEXAS





MEMORANDUM OPINION
            Appellant Leta Lee Moore appeals her conviction for cruelty to animals. In two issues, 
Appellant asserts that the evidence is not legally or factually sufficient to support her conviction. 
We affirm.
Background
            Appellant was charged by information with cruelty to animals.


 The indictment alleged that,
on or about August 20, 2001, in Henderson County, Texas, 
 
[Appellant] did unlawfully then and there intentionally or knowingly fail unreasonably to provide
necessary care for a dog in the defendant’s custody, by chaining [the] dog in a manner that could
choke the dog, and by leaving the said dog without food or water against the peace and dignity of the
State.
 
 Appellant pleaded “not guilty.” 
            Appellant waived a trial by jury. At her trial, the court found Appellant guilty of the charge
as alleged in the information. On September 20, 2004, the trial court assessed punishment at twenty
days of confinement and a $500 fine. This appeal followed.
 
Evidentiary Sufficiency
            In her first and second issues on appeal, Appellant argues that the evidence is legally and
factually insufficient to support her conviction. 
Standard of Review
            “Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction.” Escobedo v. State, 6 S.W.3d 1, 6 (Tex.
App.–San Antonio 1999, pet. ref’d) (citing Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S.Ct.
2781, 2786-88, 61 L. Ed. 2d 560 (1979)). The standard of review is whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443
U.S. at 319, 99 S.Ct. at 2789; LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The
evidence is viewed in the light most favorable to the verdict. Jackson, 443 U.S. at 319, 99 S.Ct. at
2789; LaCour, 8 S.W.3d at 671. The conviction will be sustained “unless it is found to be irrational
or unsupported by more than a ‘mere modicum’ of the evidence.” Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988). The jury is the sole judge of the credibility of witnesses and of the
weight to be given their testimony. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 
Any reconciliation of conflicts and contradictions in the evidence is entirely within the jury’s
domain. Id. The jury is entitled to draw reasonable inferences from the evidence. Benavides v.
State, 763 S.W.2d 587, 588-89 (Tex. App.–Corpus Christi 1988, pet. ref’d). If a reviewing court
finds the evidence legally insufficient to support a conviction, the result is an acquittal. Tibbs v.
Florida, 457 U.S. 31, 41-42, 102 S.Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). 
            When reviewing the factual sufficiency of the evidence, we review all of the evidence, but
not in the light most favorable to the prosecution. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997). We must determine whether a neutral review of the evidence, both for and against the
finding, demonstrates that a rational jury could find guilt beyond a reasonable doubt. Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually insufficient when
evidence supporting the verdict, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt. Id. Evidence is also factually insufficient when contrary evidence is so
strong that the beyond a reasonable doubt burden of proof could not have been met. Id. at 484-85.
Our evaluation should not substantially intrude upon the jury’s role as the sole judge of the weight
and credibility of witness testimony. Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App.
2000).
Legal Sufficiency 
            A person commits the offense of cruelty to animals if she intentionally or knowingly fails
unreasonably to provide necessary food, care, or shelter for an animal in her custody. Tex. Pen.
Code Ann. § 42.09(a)(2) (Vernon Supp. 2005). Appellant does not contest that the animals were
in her custody.
            Hollie Mounts was a meter reader for the City of Log Cabin. He testified that on August 20,
2001, he approached a property later identified as Appellant’s property. He noticed a dog hanging
over a fence, caught on the fence with its collar. The dog was alive, but was in distress. There was
another dog chained in the back yard, and he heard “a bunch of dogs on the inside.” Mounts could
not find any water set out for the dogs. Both of the dogs that he saw were very “skinny” – “you
could see [their] ribs.” 
            Mounts tried to free the dog that was dangling on the fence, but it became aggressive when
he approached. Mounts then called the police department, but the police officer was also unable to
free the dog due to its aggressiveness. He did not believe the dogs to be a breed of dog that is
naturally aggressive, such as a pit bull or Rottweiler. 
            It was very hot that day – over one hundred degrees. Mounts said that the dogs looked as
though they had been abandoned because he saw no sign of food or water in the back yard. The
property was overgrown and it appeared that no one lived there. Mounts stated that the water meter
for that property was cut off at the time. Additionally, the property was infested with fleas that
covered Mounts as he walked onto the property. Mounts believed that the property was not fit for
human habitation. The court admitted photos into evidence depicting the dogs and the empty bowl.
            Billy Jack Valentine, Constable of Precinct 2, Henderson County, testified that he was an
investigator with the Log Cabin Police Department in August 2001. He signed a warrant and an
order to go on Appellant’s property and seize the animals. Valentine testified that he knew 
Appellant lived at the residence, but sometimes stayed elsewhere. He saw Appellant at her residence
a few days before, as well as a few days after, August 21. 
            When he went to execute the warrant, Valentine saw two chained dogs with no food or water. 
One was hanging from a fence. The dogs were “real skinny.” Valentine also testified that “[y]ou
could see the bones on [the dogs] and no food or water anywhere around and no shelter for them to
get out of the sunshine.” They had not been groomed. He noticed feces all over the yard and worms
in some of the feces. Valentine also became covered with fleas. 
            The dogs were vicious and tried to bite Valentine. He had no doubt that the dogs had been
treated poorly due to their malnourished state, the worms and feces, the fleas, and the lack of shelter,
food, and water. Valentine knew the dogs belonged to Appellant. He had asked Appellant on
previous occasions to clean up the yard and take care of the animals. Valentine said that Appellant
complied at times and did not comply at other times. He did not know if Appellant had entrusted
the care of her animals to someone else.
            From this testimony, including all reasonable inferences, a rational trier of fact could have
found that Appellant intentionally or knowingly failed unreasonably to provide necessary food, care,
or shelter for an animal in her custody. See Tex. Pen. Code Ann. § 42.09(a)(2). Therefore, viewing
the evidence in the light most favorable to the jury’s verdict, we conclude that a rational trier of fact
could have found the elements of cruelty to animals beyond a reasonable doubt.
Factual Sufficiency
            In addition to the evidence discussed above, Appellant testified on her own behalf and related
her version of the events. She admitted owning one of the dogs and caring for the other one, which
was a “stray.” She also admitted living at the property where the animals were found. 
            Appellant claimed that she usually chained the dogs because of city ordinances prohibiting 
owners from allowing their dogs to run loose. However, she typically chained them on a longer
chain and did not know how the dogs became chained to the fence or the telephone pole on shorter
chains that day. She denied that the dogs were starving or thirsty. Even though her water had been
cut off, she would get water from her ex-husband’s house just down the road. She checked on them
and always fed them. Appellant said that the dogs might have gone without water for perhaps a
couple of hours. 
            The court admitted into evidence photos of the various dogs Appellant owned. She testified
that the photos depicted their appearance within a month of this incident. She said the dogs were
pets that she valued and that she did not leave them without adequate food and water for an
unreasonable period of time. Appellant explained that she fed them at nighttime so they would not
get sick from eating during the daytime heat. She denied that the dogs were skinny or that their ribs
were showing. Appellant was not sure whether she had a flea infestation problem. 
            Appellant admitted that she pleaded no contest in April 2001 to a previous charge of cruelty
to animals. However, she explained that the April charge concerned some stray cats that she fed and
then they left her property. Appellant maintained that she regularly fed and watered her dogs.  
            The fact finder may choose to believe some testimony and disbelieve other testimony. See
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Here, the court determined the
credibility of the witnesses and resolved the evidentiary inconsistencies in the State’s favor, which
is its prerogative as fact finder. Losada, 721 S.W.2d at 309. In performing its function, the court
chose to reject Appellant’s version of the facts. Consequently, viewing the evidence in a neutral
light, we cannot say that the evidence supporting the verdict, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt. Nor can we conclude that the contrary
evidence is so strong that the beyond a reasonable doubt burden of proof could not have been met. 
Therefore, we conclude that the evidence was factually sufficient for the court to find Appellant
guilty of cruelty to animals as charged in the information. Accordingly, Appellant’s first and second
issues are overruled.
Disposition
            Having overruled both of Appellant’s issues, the judgment of the trial court is affirmed.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered December 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.




(DO NOT PUBLISH)