Pete Gonzales v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-346-CR

     PETE GONZALES,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 99-259-C
                                                                                                                
                                                                                                        
O P I N I O N
                                                                                                                

      A jury convicted Pete Gonzales of aggravated robbery, enhanced by three prior felony
convictions, and sentenced him to forty years’ confinement. He claims in two issues that the
evidence is legally insufficient to support a jury finding that: 1) he intended to obtain and maintain
control over property, and 2) he used a deadly weapon in the commission of the offense.
Standard of Review
      In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential element
beyond a reasonable doubt. See Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000)
(citing Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560
(1979)). We resolve any inconsistencies in the evidence in favor of the verdict. See Curry v.
State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
      A person commits the offense of robbery when “in the course of committing theft as defined
in Chapter 31 and with intent to obtain or maintain control of the property, he: (2) intentionally
or knowingly threatens or places another in fear of imminent bodily injury or death.” Tex. Pen.
Code Ann. § 29.02(a)(2) (Vernon 1994). Robbery is aggravated if the person commits robbery
as defined in section 29.02 and “uses or exhibits a deadly weapon.” Tex. Pen. Code Ann. §
29.03(a)(2) (Vernon 1994).
      Because Gonzales argues that the evidence is legally insufficient to support two elements of
his conviction, we will review the facts in the light most favorable to the verdict. 
The Evidence
      The State presented evidence through the testimony of seven witnesses. The victim, Jeff
Hughes, testified that he was leaving his apartment in Waco, Texas when he passed a Hispanic
man and a black man. Hughes testified that just as he reached his truck, the same Hispanic man
grabbed him around the neck and held a sharp object to his throat. Hughes identified Gonzales
as the assailant by his facial features as well as the distinctive Dallas Cowboys football team jacket
worn by Gonzales at the time of the offense. Hughes testified that Gonzales demanded his wallet. 
When Hughes stated that his wallet was in the apartment, Gonzales demanded that he open the
truck. Hughes testified that he did not see the knife as it was up to his throat but it cut his throat
enough to draw blood. Hughes testified that Gonzales released him when the police arrived.
      Officer Contreras was called to the scene in order to investigate a suspicious person. When
he arrived, Contreras witnessed Gonzales holding Hughes around the neck and saw that Gonzales
had a weapon in his hand. Contreras testified that, although he did not see the exact weapon in
Gonzales’s hand, he did see him holding a shiny object that he knew to be a weapon. Contreras
identified Gonzales as the assailant he had witnessed holding a weapon to Hughes’s throat. 
Contreras also identified the car in which Gonzales and another Hispanic male fled the scene. 
      Officers Donaho, Garcia, and Nix responded to the scene and located the suspects’ car. 
Before they could stop the car, the officers witnessed one of the vehicle’s occupants exit the
vehicle and run into a wooded area. Nix identified Gonzales as the man who exited the car. He
testified that he saw Gonzales’ face and the white and blue jacket. After a brief pursuit on foot,
Officers Nix and Donaho located Gonzales under a cluster of bushes in a nearby apartment
complex. Both identified Gonzales at trial.
      Officer Garcia, Contreras’ partner on the night in question, witnessed the fleeing suspect’s
clothing and identified the suspect as wearing a white and blue Dallas Cowboys jacket. He
identified the knife found in the car and testified that it had fresh blood on it. Garcia stated that
the knife was capable of causing serious bodily injury or death.
Conclusion
      When viewed in the light most favorable to the verdict, we hold that the evidence is more than
adequate to support a jury finding on each element of the offense questioned here. Therefore,
issues one and two are overruled.
      The judgment of the trial court is affirmed.
 

                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 29, 2001
Do not publish



ted the alibi of having been at Six Flags on the day in question,
and several witnesses testified to that effect.
      In rebuttal, the State called an investigator from the district attorney's office who testified that
she contacted Six Flags the day before and was told that the park had not been open on the date
of the offense. The investigator further testified that Six Flags had "faxed" a calendar to her
reflecting its dates of operation. That calendar was introduced into evidence. It established the
facts to which the investigator had testified. The investigator's testimony as well as the calendar
were admitted into evidence without objection.
      Counsel for Appellant acknowledges that ordinarily error is waived by the failure to object
at the time the evidence is offered. See Tex. R. App. P. 52(a). However, Appellant contends that
an exception applies—that Rule 103(d) of the Texas Rules of Criminal Evidence allows this court
to take notice of "fundamental error affecting substantial rights," though no objection was made. 
See Tex. R. Crim. Evid. 103. We disagree.
      The record reflects that Appellant's counsel informed the State's attorneys that he would not
object to the investigator's testimony. On the record, Appellant's counsel stated to the court that
he had no objection to the admission of State's Exhibit No. 4 and No. 5, a facsimile of an
operating calendar from Six Flags and an advertising flyer also showing the days the park was
open.
      We hold that Appellant waived the right to complain of these matters on appeal by stating
affirmatively to the court that he had no objection. See Tex. R. App. P. 52(a); Whiteside v. State,
756 S.W.2d 765, 767 (Tex. App.—Corpus Christi 1988, pet. ref'd). The authorities cited by
Appellant are distinguishable because the evidence in those cases was admitted over timely
objection. The Court of Criminal Appeals has indicated that the admission of hearsay evidence,
admitted without objection, does not constitute infringement upon a substantive right of a criminal
defendant requiring reversal. Marin v. State, 851 S.W.2d 275, 280-81 (Tex. Crim. App. 1993). 
Appellant has presented no authority which stands for the proposition that hearsay evidence
admitted without objection is fundamental error. Moreover, since the hearsay evidence was not
only admitted without objection but Appellant additionally stated that he had no objection, he
cannot now complain on appeal. Point three is overruled.
      We affirm the trial court's judgment.
 
                                                                               BOBBY L. CUMMINGS

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed June 1, 1994
Do not publish