NO. 12-01-00114-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ROBERT JAMES LEE,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 Appellant Robert James Lee appeals his conviction for aggravated robbery for which he was
sentenced to thirty-six years of imprisonment. In one issue, Appellant asserts that the evidence was
legally insufficient to prove that the BB gun used to affect the robbery was a deadly weapon, and,
therefore, the evidence was legally insufficient to support a conviction for aggravated robbery. We
affirm.


Background

 On December 6, 2000, Appellant robbed the Best Buy store in Tyler, Smith County, Texas. 
Appellant confronted the store clerk and demanded money from her register while drawing his jacket
aside to expose a pistol stuck in his waistband. Although Appellant never drew the pistol, he told
the clerk that if she screamed, he would shoot the first person he saw in the parking lot. 

 After leaving Best Buy, Appellant proceeded to the Cracker Barrel Restaurant in northern
Smith County where he committed a similar robbery. A high-speed police chase through Smith and
Van Zandt counties ensued after which Appellant was apprehended. At the time of Appellant's
arrest, a BB gun was found in his vehicle. The gun was not loaded with either BB's or a CO2
cylinder which was necessary to fire the gun, nor were any BB's or CO2 cylinders found in the
vehicle. 

 The store clerk testified that the butt of the BB gun which was recovered looked like the butt
of the gun Appellant displayed during the robbery. Detective Clay Perrett testified that the BB gun
was capable of causing serious bodily injury or death, but on cross-examination admitted that when 
unloaded, the BB gun would not be capable of causing serious bodily injury or death unless it was
used as a club. Appellant testified at both stages of the trial, admitting to using the BB gun in the
robbery but stating that it was not loaded with either BB's or a CO2 cartridge.

 The jury found Appellant guilty of aggravated robbery and sentenced him to thirty-six years
of imprisonment. 


Deadly Weapon

 In one issue Appellant asserts that the evidence was legally insufficient to prove that the BB
gun used to affect the robbery was a deadly weapon, and, therefore, the evidence was legally
insufficient to support a conviction for aggravated robbery.

 The standard of review for legal sufficiency of the evidence is whether, viewing the evidence
in the light most favorable to the jury's verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim.
App. 2000). An appellate court should uphold the jury's verdict "unless it is found to be irrational
or unsupported by more than a mere modicum of evidence." Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988). The jury is the exclusive judge of the credibility of the witnesses and of
the weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App.
1994). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the
jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 

 A person commits the offense of aggravated robbery if, in the course of committing robbery,
he uses or exhibits a deadly weapon. Tex. Pen. Code. Ann. § 29.03 (Vernon 1994). A deadly
weapon is anything that in the manner of its use or intended use is capable of causing death or
serious bodily injury. Tex. Pen. Code. Ann. § 1.07(17)(B) (Vernon 1994). 

 Appellant does not dispute that he used or exhibited the BB gun during the robbery but
contends that the BB gun was not a deadly weapon. Specifically, Appellant contends that the BB
gun was not capable of causing death or serious bodily injury because it was not loaded. 

 The court of criminal appeals has recently held that whether a BB gun is loaded is not
significant in a deadly weapon analysis. Adame v. State, No. 594-01, slip op. at 3, 2002 WL 342713
(Tex. Crim. App. March 6, 2002). What is significant is whether there is evidence that the BB gun
is capable of causing serious bodily injury. Id. With testimony that a BB gun is capable of causing
serious bodily injury, it is reasonable for a jury to make a deadly weapon finding. Id. Here,
Detective Perrett testified that the BB gun Appellant used to rob Best Buy was capable of causing
serious bodily injury. Furthermore, because Appellant threatened to shoot the first person he
encountered in the parking lot if the clerk screamed, the jury could rationally infer that the BB gun
was capable of inflicting serious bodily injury. See id. at 3-4. Accordingly, Appellant's sole issue
is overruled.

 The judgment of the trial court is affirmed.


Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
























(DO NOT PUBLISH)