In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-317 CV


____________________



IN RE THE COMMITMENT OF PATRICK MICHAELS






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 01-08-05081-CV






MEMORANDUM OPINION


 The State of Texas filed a petition to civilly commit Patrick Michaels as a sexually
violent predator. See Tex. Health & Safety Code Ann. §§ 841.001- 841.147 (Vernon
Supp. 2003). A jury found that Michaels suffers from a behavioral abnormality that makes
him likely to engage in a predatory act of sexual violence. The trial court entered a final
judgment and order of civil commitment from which Michaels appeals. Michaels raises
five issues. 

 In his first issue, Michaels argues the Texas sexually violent predator statute is
unconstitutional because it is punitive in nature and violates basic constitutional safeguards. 
We have recently considered and rejected the arguments made in support of Michaels'
position. See Beasley v. Molett, 95 S.W.3d 590 (Tex. App.--Beaumont 2002, pet. filed);
In re the Commitment of Mullens, 92 S.W.3d 881, 883-84 (Tex. App.--Beaumont 2002,
no pet. h.). Issue one is overruled.

 Issue two alleges the State did not satisfy the requirements of due process by failing
to prove that Michaels has serious difficulty controlling his behavior. The State contends
Michaels failed to preserve the issue for appellate review. In paragraph six of the motion
for new trial, Michaels claimed the evidence is legally and factually insufficient to support
the jury's finding. The jury found Michaels suffers from a behavioral abnormality that
makes him likely to engage in a predatory act of sexual violence. The requirement of
Crane that "there must be proof of serious difficulty in controlling behavior" is a
component of the criterion that there be some "mental abnormality" or "personality
disorder." Kansas v. Crane, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). 
Accordingly, we find that Michaels' issue on appeal is fairly said to be included in the
motion for new trial and thus preserved for our review. We must therefore determine
whether a rational factfinder could have found beyond a reasonable doubt that Michaels
has serious difficulty in controlling his behavior. See Mullens, 92 S.W.3d at 885.

 Michaels contends the record is "totally devoid" of any evidence that he lacks
volitional control. Dr. Rahn Bailey testified he evaluated Michaels and diagnosed
pedophilia. It was his opinion that Michaels has a behavior abnormality that makes him
likely to engage in predatory acts of sexual violence. Dr. Bailey performed several
psychological tests on Michaels. The results placed him at an 88 percent chance to
reoffend. Michaels' records indicated multiple offenses, offenses against individuals of
different ages, and behaviors likely to bring him into contact with others for the purpose
of victimization - victimization of children over an extended period of time or of an
individual over an extended period of time. Michaels' victims were male, which placed
him at a higher risk of recidivating. Dr. Bailey testified that a person's behavior while on
conditional release can be indicative of a higher risk for recidivism. Michaels' conditional
release was revoked when he committed another sexual offense. Dr. Bailey saw evidence
of "grooming." Dr. Bailey testified that it was his opinion Michaels would have difficulty
controlling his urges. Accordingly to Dr. Bailey, Michaels "is an individual who . . . has
seen some difficulty monitoring or modifying or limiting those type urges in the past." 
Bailey further testified Michaels' violations of conditional release increased the likelihood
that he would have more difficulty than the average person controlling those type urges. 


 Dr. Bailey testified he had reason to believe Michaels has a substance abuse
problem. According to Dr. Bailey, excessive use or an inability to adequately control use
of alcohol or chemicals is a factor that increases the likelihood an individual will
recidivate. Dr. Bailey testified Michaels' use was excessive, which could clearly put him
at a greater risk of impulsivity and poor behavioral control. 

 Dr. Windel Dickerson's deposition testimony was read into the record. Dr.
Dickerson also diagnosed Michaels as a pedophile and found him at high risk for
reoffending. It was Dr. Dickerson's opinion that Michaels had substantial alcohol use in
the past and use of illegal street drugs. Dr. Dickerson believed Michaels was at risk for
abusing drugs when released from prison and that increased the likelihood he would
reoffend. 

 Michaels' deposition was admitted into evidence. At his deposition, Michaels
testified to four convictions for indecency with a child. Michaels used the term 
"relationship" regarding one of those offenses. Michaels denied he was a pedophile and
admitted he had not received any treatment. 

 The jury may draw reasonable inferences from basic facts to ultimate facts. See
Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). Michaels' lack of volitional
control can be reasonably inferred from his past behavior, reoffending while on conditional
release, and substance abuse. Further, Dr. Bailey testified that Michaels lacked had
difficulty controlling his urges. Viewing the evidence in the light most favorable to the
verdict, we find that a rational factfinder could have found beyond a reasonable doubt that
Michaels has serious difficulty in controlling his behavior. Issue two is overruled.

 Issue three contends the SVP statute and the concomitant "Final Judgment and
Order of Commitment" are unconstitutional. Michaels argues sections 841.082(a)(4), (5),
and (9) of the Health and Safety Code are unconstitutionally vague. See Tex. Health &
Safety Code Ann. §§ 841.082(a)(4), (5), (9) (Vernon Supp. 2003). This argument has
been recently rejected in Mullens, 92 S.W.3d at 887-88. Issue three is overruled.

 Michaels contends in issue four his Fifth Amendment privilege against self-incrimination was violated when the court ordered him to submit to polygraph
examinations as a condition of civil commitment. We rejected this argument in Beasley,
95 S.W.3d at 610, and again in Mullens, 92 S.W.3d at 888. Issue four is overruled.

 Michaels' final issue claims his Fifth Amendment privilege against self-incrimination was violated when the trial court permitted Dr. Bailey to reveal facts
obtained from him during an interview and when the trial court admitted Michaels'
deposition into evidence. In his brief, Michaels notes he filed a motion to exclude
evidence which the trial court denied. However, the brief contains no reference to the
record wherein counsel objected to the evidence when it was introduced. See Tex. R. App.
P. 38.1(h). Accordingly, nothing is presented for our review. See Tex. R. App. P. 33.1. 
Issue five is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on March 31, 2003

Opinion Delivered April 10, 2003



Before McKeithen, C.J., Burgess and Gaultney, JJ.