In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-314 CV


____________________



IN RE COMMITMENT OF JERRY HANNAH






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 05-08-07799-CV






 MEMORANDUM OPINION 


 The trial court ordered the civil commitment of Jerry Hannah after the jury found him
to be a sexually violent predator ("SVP"). See Tex. Health & Safety Code Ann. §§
841.001-841.150 (Vernon 2003 & Supp. 2006). The SVP statute defines "sexually violent
predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers from a
behavioral abnormality that makes the person likely to engage in a predatory act of sexual
violence." Id. § 841.003 (Vernon 2003). A "behavioral abnormality" is "a congenital or
acquired condition that, by affecting a person's emotional or volitional capacity, predisposes
the person to commit a sexually violent offense, to the extent that the person becomes a
menace to the health and safety of another person." Id. § 841.002(2) (Vernon Supp. 2006). 


 On appeal, Hannah challenges the factual sufficiency of the evidence that he suffers
from a behavioral abnormality that makes him likely to engage in a future predatory act of
sexual violence. Hannah also argues that the record shows he committed only one prior
predatory act of sexual violence. Finally, Hannah challenges the reliability of the testimony
of Dr. Sheri Gaines, the State's expert witness. We affirm the trial court's judgment and
order of civil commitment. 

 Under the SVP statute, the State must prove beyond a reasonable doubt that a person
is a sexually violent predator. See id. § 841.062 (Vernon 2003). Because the statute employs
a beyond-a-reasonable-doubt-standard, we apply the standard of review used in criminal
cases for factual sufficiency of the evidence. In re Commitment of Barbee, 192 S.W.3d 835,
839 (Tex. App.-Beaumont 2006, no pet.). In a factual sufficiency review, we view all the
evidence in a neutral light and ask whether a jury was rationally justified in finding guilt
beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006). To reverse a case on a factual sufficiency challenge we must find that the great
weight and preponderance of the evidence contradicts the jury's verdict or the evidence must
show that the jury's verdict is clearly wrong or manifestly unjust. See Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006) (citing Watson, 204 S.W.3d at 414-15). A jury is entitled to make reasonable inferences from basic facts to determine ultimate
fact issues. Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). When a record
contains disputed testimony, "[t]he jury is the exclusive judge of the credibility of witnesses
and of the weight to be given testimony, and it is also the exclusive province of the jury to
reconcile conflicts in the evidence." Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim.
App. 2000). As recently stated by the Texas Supreme Court: "Jurors are the sole judges of
the credibility of the witnesses and the weight to give their testimony. They may choose to
believe one witness and disbelieve another. Reviewing courts cannot impose their own
opinions to the contrary." City of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005)
(footnotes omitted).

The Evidence

 During the trial, the State offered the testimony of A. P. Merillat, Sheri Gaines, M.D.,
and Hannah, through his videotaped deposition. The trial court also admitted other evidence:
Hannah's pen packet and his answers to requests for admissions. Hannah called no witnesses
to testify for him during the trial.

 During the testimony of A. P. Merillat, the State offered into evidence Hannah's pen
packet containing several prior convictions. In 1979, a jury found Hannah guilty of
aggravated rape, for which he received a sixteen-year sentence. The records also show that
Hannah was convicted in 1999 for indecency with a child and aggravated sexual assault of
a child. He received eight-year sentences for each of these offenses. 

 In his deposition, Hannah admitted that he had been convicted of these three sex
crimes. With respect to the aggravated rape conviction, Hannah admitted that he forced the
victim to perform oral sex on him. Hannah denied that he was guilty of the charges for
indecency with a child and aggravated sexual assault of a child. Hannah testified that he
never had a problem with alcohol, but admitted to being under the influence of alcohol when
he committed the rape and while he was with the child victim involved in the other sex
crimes for which he was convicted. 

 Hannah responded to requests for admission in which he admitted that he pled guilty
to charges of indecency with a child and aggravated sexual assault of a child. Hannah also
admitted details involving the 1979 aggravated rape charge. 

 Dr. Sheri Gaines, a board-certified psychiatrist, testified that she met with Hannah in
January 2006 and interviewed him to evaluate whether he had a behavioral abnormality
making him likely to reoffend. In reaching her opinion, Dr. Gaines reviewed his arrest
records, his disciplinary records while in prison, his medical records, and his education
records. Dr. Gaines testified that although Hannah claimed he was not "much of a drinker,"
Hannah admitted to drinking during all of the sexual offenses. Dr. Gaines explained that
alcohol decreased Hannah's impulse control and that because "his impulses tend in the
direction of being a sex offender, those two things in combination made him more likely to
reoffend."

 While discussing the factors she considered, Dr. Gaines testified that she reviewed
two actuarial tests performed by another doctor. Dr. Gaines stated that Hannah scored a
"high risk for reoffending" on both tests. Based upon her interview of Hannah and his
records, Dr. Gaines diagnosed Hannah with pedophilia and sexual sadism. Dr. Gaines
testified that in her opinion, Hannah "has a disorder that makes him unable to control his
actions sexually [and] that make[s] him dangerous to society." 


Analysis

 The offenses of indecency with a child and aggravated sexual assault, as set forth in
sections 21.11(a)(1) and 22.021 of the Penal Code respectively, are included within the
definition of "sexually violent offenses" in the SVP statute. (1) See Tex. Health & Safety
Code Ann. § 841.002(8)(A) (Vernon Supp. 2006); Tex. Pen. Code. Ann. § 21.11(a)(1)
(Vernon 2003), § 22.021 (Vernon Supp. 2006). Hannah was convicted for one offense of
indecency with a child and two offenses of aggravated sexual assault. He received sentences
for all three sex crimes. Viewing this prior offense evidence in a neutral light, the jury was
rationally justified in concluding that Hannah was a repeat sexually violent offender. See
Tex. Health & Safety Code Ann. § 841.003(b) (Vernon 2003) (defining "repeat sexually
violent offender" as a person who has been convicted of more than one sexually violent
offense and was sentenced for at least one of the offenses); see also Tex. Health & Safety
Code Ann. § 841.003(a) (including a person's status as a repeat sexually violent offender
as part of the definition of "sexually violent predator"); Watson, 204 S.W.3d at 414-15. 

 Hannah also argues that the evidence does not show that he is likely to reoffend. 
Hannah contends that Dr. Gaines's testimony constitutes insufficient evidence that he has a
behavioral abnormality that makes him likely to engage in a predatory act of sexual violence
because Dr. Gaines defined "likely" as "probable" or "beyond a mere possibility." At trial,
Dr. Gaines testified that Hannah had a behavioral abnormality that makes him likely to
reoffend. Specifically, Dr. Gaines testified as follows:

 Q. So, do you believe that [Hannah] has a problem controlling
his sexual urges?


 A. Yes, I do.


 Q. And his inability to control the sexual urges, how does that
factor into your assessment?


 A. It makes him dangerous. It makes him likely to reoffend.


 Q. And do you believe that past behavior is a good predictor of
future behavior?


 A. Yes.


 Q. And why do you believe that?


 A. Literature shows that the risk factors for reoffending
sexually are if you've done it before, it's likely you'll do it
again.


 Q. Now, using the definition of behavior[al] abnormality
meaning . . . a congenital or acquired condition that by affecting
a person's emotional or volitional capacity predisposes the
person to commit a sexually violent offense to the extent that the
person becomes a menace to the health and safety of another
person, do you believe that Mr. Hannah has a behavior[al]
abnormality which makes him likely to engage in predatory acts
of sexual violence?


 A. Yes, I do.


 Q. And when you say "likely," is that using the definition of
probable or beyond a mere possibility?


 A. Yes, it is.


 The record contains fact witness testimony, expert witness testimony, and exhibits
from which reasonable jurors could conclude that Hannah suffers from a behavioral
abnormality that makes him likely to engage in a predatory act of sexual violence. Hannah's
history of prior sex crimes, his pedophilia and sexual sadism diagnoses, and his actuarial test
scores are consistent with the jury's conclusion that he has serious difficulty controlling his
behavior and is likely to reoffend. (2) Having carefully reviewed the record, we find the
evidence factually sufficient under the relevant factual sufficiency standards of review to
support the jury's verdict. We overrule Hannah's sole issue and affirm the trial court's
judgment.

 AFFIRMED.




 ____________________________

 HOLLIS HORTON

 Justice



Submitted on April 12, 2007

Opinion Delivered July 12, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.
1. The facts surrounding Hannah's conviction for indecency with a child satisfy the
elements contained within subsection (a)(1) of section 21.11 of the Texas Penal Code, which
requires the actor to engage in sexual contact with the child or cause the child to engage in
sexual contact. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). Hannah's 1979
conviction for aggravated rape which included a finding that a deadly weapon was used
during the commission of the offense equates to a conviction under current statutes for
aggravated sexual assault. See id. § 22.021(a)(1)(A), (2)(A)(iv) (Vernon Supp. 2006). 
2. This Court has previously recognized that mental health professionals consider
pedophilia a serious mental disorder. In re Commitment of Gollihar, No. 09-06-243 CV,
2007 Tex. App. LEXIS 3786, at *8 (Tex. App.-Beaumont, May 17, 2007, no pet.) (citations
omitted); see also In re Commitment of Mullens, 92 S.W.3d 881, 885 (Tex. App.-Beaumont
2002, pet. denied).