In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00555-CV


 _____________________



IN RE COMMITMENT OF BRENT JOZEFKOWICZ







On Appeal from the 435th District Court


Montgomery County, Texas


Trial Cause No. 08-02-01765 CV






MEMORANDUM OPINION



 The State filed a petition seeking to involuntarily civilly commit Brent Jozefkowicz. 
See Tex. Health & Safety Code Ann. § 841.001-.150 (Vernon 2003 & Supp. 2008). The
jury found he is a sexually violent predator. See id. § 841.003 (Vernon 2003). Jozefkowicz
appeals from the trial court's final judgment and order of civil commitment. 

 The SVP statute defines "sexually violent predator" as a person who "(1) is a repeat
sexually violent offender; and (2) suffers from a behavioral abnormality that makes the
person likely to engage in a predatory act of sexual violence." Id. § 841.002(9) (Vernon
Supp. 2008); § 841.003. The Act defines "[b]ehavioral abnormality" as "a congenital or
acquired condition that, by affecting a person's emotional or volitional capacity, predisposes
the person to commit a sexually violent offense, to the extent that the person becomes a
menace to the health and safety of another person." Id. § 841.002(2) (Vernon Supp. 2008). 
In two issues, Jozefkowicz argues the evidence is legally and factually insufficient to support
the jury's finding that he currently has a behavioral abnormality as defined by the Act.

 Chapter 841 requires that the State prove beyond a reasonable doubt that a person to
be committed under the Act is a sexually violent predator. See Tex. Health & Safety
Code Ann. § 841.062(a) (Vernon 2003). As a result, although this is a civil case, we review
the legal sufficiency issue by the standard of review applied in criminal cases for legal
sufficiency. In re Commitment of Mullens, 92 S.W.3d 881, 885 (Tex. App.--Beaumont 2002,
pet. denied) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.2781, 61 L.Ed.2d 560
(1979)). We review the evidence at trial to decide if a rational jury could have found beyond
a reasonable doubt that Jozefkowicz suffers from a behavioral abnormality that makes him
likely to engage in a predatory act of sexual violence. See id. at 887. We also apply the
factual sufficiency standard applied in criminal cases with respect to our factual sufficiency
review in this case. In re Commitment of Gollihar, 224 S.W.3d 843, 846 (Tex. App.--Beaumont 2007, no pet.). Viewing the evidence in a neutral light, we will determine whether
a jury was rationally justified in its verdict beyond a reasonable doubt. See id. "To reverse
a case on a factual sufficiency challenge, we must be able to say that the great weight and
preponderance of the evidence contradicts the jury's verdict or that the verdict is clearly
wrong or manifestly unjust." Id. (citing Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim.
App. 2006)).

 In asserting legal and factual sufficiency challenges to the evidence supporting the
jury's finding that he suffers from a behavioral abnormality, Jozefkowicz argues that the
State's expert witnesses' opinions lacked probative value because the opinions are
speculative and conclusory. He further states the experts based their conclusions on outdated
data.

 The Supreme Court has explained that "conclusory opinions are legally insufficient
evidence to support a judgment even if the party did not object to the admission of the
testimony." City of San Antonio v. Pollock, 284 S.W.3d 809, 816 (Tex. 2009) (citing Coastal
Transp. Co. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 232 (Tex. 2004)). If there
is no basis offered for the expert's opinion or if the basis offered provides no support, the
opinion is considered conclusory and not probative evidence. Id. at 818. If the opinion has
a supporting basis, but there is a reliability challenge that requires the court to evaluate the
underlying methodology, technique, or foundational data, an objection "must be timely made
so that the trial court has the opportunity to conduct this analysis." Id. at 817 (quoting
Coastal Transp. Co., 136 S.W.3d at 233). In this case, there was no objection to the
testimony of either witness on grounds of unreliability.

 Dr. Jason Dunham, a forensic psychologist, testified he reviewed records normally
relied on by experts in the field to arrive at his opinion. He also interviewed Jozefkowicz.

 Jozefkowicz pled guilty to the offenses of indecency with a child committed in 1984
and sexual assault committed in 1990. He received seven years deferred adjudication
probation for the sexual assault. His probation was revoked in 1993 after he was charged
with sexual battery. He has been incarcerated since the 1993 conviction. 

 On the actuarial tests, which assist in ascertaining certain risk factors for reoffending,
Dunham scored Jozefkowicz in the high range on the Static-99 test. On the Mn-SOST-R,
Dunham scored him in the high risk group. On the Hare Psychopathy Checklist, Dunham
ultimately scored Jozefkowicz at 33.7, indicative of very high psychopathy.

 Based on the testing, the interview, and a review of the various records, Dunham
diagnosed Jozefkowicz as having a behavioral abnormality that makes him likely to engage
in a predatory act of sexual violence. He also diagnosed Jozefkowicz with antisocial
personality disorder and psychopathy. Dunham testified that Jozefkowicz's statement that
he had six hundred sexual partners, his admitted involvement in prostitution, the fact that
some of his victims were significantly younger than him at the time of the offenses, and his
possession of pornography while incarcerated demonstrate Jozefkowicz's sexual deviance. 
Dunham identified several risk factors in regards to Jozefkowicz's risk of reoffending: (1)
he had five arrests, charges, or convictions for sexual offenses; (2) all of the offenses
involved some degree of force; (3) the offenses occurred in four different states; (4) he was
offending from the age of seventeen until he was incarcerated at age twenty-five; (5) he
offended while on probation; (6) his victim's ages varied widely; (7) his offenses were
against strangers and women he knew; (8) he failed to accept responsibility for the offenses,
or show remorse, and he blamed his victims; and (9) he has a history of dishonesty. Dunham
testified Jozefkowicz's history of violence and history of impulsivity regarding his
employment and relationships were significant. He stated that while Jozefkowicz has
participated in sex offender treatment, it is Dunham's opinion that Jozefkowicz had not
progressed to the point where the risks would be mitigated. 

 Dr. Sheri Gaines, board certified in psychiatry, testified she performed a psychological
evaluation of Jozefkowicz and interviewed him. Like Dunham, Gaines reviewed records for
Jozefkowicz including his convictions, and she also interviewed at least one of his victims. 
Based on her review of this information, Gaines diagnosed Jozefkowicz with bipolar
disorder, polysubstance dependence in remission due to his incarceration, antisocial
personality disorder, and sexual sadism. In her opinion, he has a behavioral abnormality that
predisposes him to future acts of sexual violence.

 Gaines explained that Jozefkowicz's ability to manipulate his victims, the use of force
in committing his offenses, his placing blame on the victims and lack of remorse and
empathy, his impulsive behavior, lack of stability and support system, as well as his
committing offenses while on parole, all are risk factors when considering his risk of re-offending. She testified he is likely to reoffend.

 Dunham and Gaines explained, from their review of the records and their interviews
with Jozefkowicz, that the characteristics and conduct of Jozefkowicz demonstrate his
behavioral abnormality, as defined in the Act. They explained in detail the risk factors that
make him likely to engage in a predatory act of sexual violence. The opinions they expressed
had a reliable basis in the record, and their testimony was probative to establish beyond a
reasonable doubt that Jozefkowicz has a behavioral abnormality that makes him likely to
engage in a predatory act of sexual violence. Their testimony was not conclusory or
speculative. 

 Jozefkowicz testified that in the past he has had difficulty controlling his sexual urges. 
He also admitted to being a former drug addict and stated he has attempted suicide "probably
eight" times. While in TDCJ, he participated in the Changes and Cognitive Intervention
programs twice, participated in twenty-six different spiritual courses, and attended classes
in anger management, behavioral health management, depression management, rational
behavior therapy, and dialectical behavioral health. He conceded that anyone who is a sex
offender is always at risk to reoffend.

 Linda Tanner, associate psychologist with TDCJ Sex Offender Treatment
Rehabilitation Program, testified on Jozefkowicz's behalf. She stated he had completed
Phase I of the program and at the time of her testimony, he was currently participating in
Phase II of the program. Although at one point he wanted to quit the program, he continued
treatment and even held a leadership position with the program for about three months. She
believes that during the program he has accepted responsibility for his offenses, shown
remorse, and expressed empathy for his victims.

 The jury determines the credibility of the witnesses and the weight to be given their
testimony. In re Commitment of Mullens, 92 S.W.3d at 887 (citing Barnes v. State, 876
S.W.2d 316, 321 (Tex. Crim. App. 1994)). Conflicts and contradictions in the evidence are
resolved by the jury; all, part, or none of a witness's testimony may be believed by the jury. 
Id. (citing Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986)). The jury may
draw reasonable inferences from the evidence. Lacour v. State, 8 S.W.3d 670, 671 (Tex.
Crim. App. 2000). 

 "[P]roof of serious difficulty in controlling behavior" is required in order to civilly
commit a defendant under the SVP statute. See Kansas v. Crane, 534 U.S. 407, 413, 122
S.Ct. 867, 151 L.Ed.2d 856 (2002). The inability to control behavior "must be sufficient to
distinguish the dangerous sexual offender whose serious mental illness, abnormality, or
disorder subjects him to civil commitment from the dangerous but typical recidivist convicted
in an ordinary criminal case." Id. Dunham and Gaines testified to Jozefkowicz's risk
factors, and Gaines testified he is likely to reoffend. A lack of volitional control could
reasonably be inferred from the evidence, including his past behavior, his history of violating
probation conditions, and his testimony. We conclude a rational jury could have found
beyond a reasonable doubt that Jozefkowicz has serious difficulty in controlling his behavior
and suffers from a behavioral abnormality that makes him likely to commit future acts of
sexual violence. 

 Appellant's issues are overruled. We affirm the judgment and order of civil
commitment. 

 AFFIRMED. 

 

 DAVID GAULTNEY

 Justice 


Submitted on September 18, 2009 

Opinion Delivered September 24, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.