# NO. 12-09-00355-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRICKY JOE ANDERSON,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Bricky Joe Anderson appeals his conviction for possession or transport of anhydrous ammonia in a container not designed or manufactured to hold or transport anhydrous ammonia. He raises three issues on appeal. We affirm.

## BACKGROUND

On March 28, 2008, Investigator Kevin Hanes of the Henderson County Sheriff's Office ("HCSO") investigated an aggravated sexual assault in which the suspect was described as a white male driving a Chevrolet sports utility vehicle. While investigating that offense, he noticed a vehicle matching that description, which was later determined to be driven by Appellant. Investigator Hanes followed the vehicle and observed that Appellant failed to use a turn signal when required to do so. After following the vehicle further, Investigator Hanes activated the dashboard red and blue lights of his unmarked HCSO vehicle. Appellant failed to stop and a pursuit ensued. Once Appellant finally stopped in a wooded area, he and his female passenger fled. Appellant was not apprehended until later.

In the meantime, Investigator Hanes noticed the smell of what he believed to be anhydrous ammonia. He located two fire extinguishers in the bed of Appellant's truck that were

cold, "sweating," and had been visibly tampered with. Consequently, Investigator Hanes requested that Investigator Botie Hillhouse, an HCSO drug enforcement specialist, assist in the investigation. Investigator Hillhouse performed the Drager Pump test. This test utilizes a special hand pump that purportedly can determine whether a particular substance is anhydrous ammonia. After conducting the tests and concluding that the fire extinguishers contained anhydrous ammonia, the investigators destroyed the fire extinguishers and their contents. Based on this evidence, the investigators arrested Appellant.

Appellant was indicted by a grand jury. In count one of the indictment, he was charged with possession or transport of anhydrous ammonia with the intent to manufacture methamphetamine. In count two, he was charged with possessing or transporting anhydrous ammonia in a container not designed or manufactured to hold or transport anhydrous ammonia. Investigator Hanes testified at trial. In addition, Investigator Hillhouse was allowed to testify as an expert over Appellant's objection. Investigator Hillhouse testified that, based on his training and experience and the results of the Drager Pump test, he believed the substance in the fire extinguishers contained anhydrous ammonia.

At the conclusion of the State's case, count one was dismissed due to an error in the indictment. The State proceeded on count two. The jury found Appellant guilty on count two, and the trial court assessed punishment at six years of imprisonment. Appellant timely appealed.

## ADMISSIBILITY OF EXPERT TESTIMONY

In his first issue, Appellant contends that Investigator Botie Hillhouse's testimony was inadmissible because he was not qualified to render expert testimony that the fire extinguishers contained anhydrous ammonia.

However, we need not address the merits of this issue because we conclude that Appellant failed to preserve it. It is well established that a party must make a timely and specific objection in order to preserve his complaints for appellate review. *See* TEX. R. APP. P. 33.1. In addition, a party must object every time inadmissible evidence is offered, or else the complaint is waived. ***Ethington v. State***, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Moreover, the admission of improper evidence does not constitute reversible error if the same facts were proved by evidence to which the complaining party failed to object. *See **Leday v. State***, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998).

Although Appellant properly objected to Investigator Botie Hillhouse's testimony, he allowed Investigator Hanes to testify, without objection, as follows:

> Q. Did you notice anything that was unusual about this vehicle?
> A. I did. As I got a little closer to the vehicle, I noticed a strong smell coming from the vehicle.
> Q. And can you describe that smell to the jury.
> A. It's a very strong anhydrous ammonia type of smell. You never forget it once you smell it. It's very strong, it can cause breathing problems if it's very strong or you are very close to it, just a smell of anhydrous ammonia.
> Q. Had you smelt that odor before?
> A. Many times.
> Q. Had you smelt that odor before in your training that you received and experience you received as an officer?
> A. Yes, I have.
> Q. Do you believe that you could have mistaken that odor to be something other than anhydrous ammonia?
> A. No, sir.
> . . . .
> Q. Did you locate anything that you believed to be containing anhydrous ammonia in that vehicle?
> A. Yes.
> Q. What did you locate?
> A. In the bed of the truck was two regular fire extinguishers that had been altered with or tampered with and filled with anhydrous ammonia.
> . . . .
> Q. Okay. Did the fire extinguishers display any of the characteristics that you had seen before, through your training and experience, as a receptacle that was holding anhydrous ammonia?
> A. Yes.
> Q. Can you tell the jury what that is.
> A. The one main thing was that it was cold and sweating. The outside of the tank will sometimes sweat and nearly form ice, or can form ice on the outside of the receptacle.

By this testimony, Investigator Hanes stated that he smelled anhydrous ammonia, he identified the substance in the fire extinguishers as anhydrous ammonia, and that he knew the substance was anhydrous ammonia based on his past experience as a police officer. This unobjected to testimony established the same facts that the State sought to prove through Investigator Hillhouse. *See Lampkin v. State*, No. 13-00-505-CR, 2002 WL 10480, at \*1 (Tex. App.–Corpus Christi Jan. 3, 2002, no pet.) (mem. op., not designated for publication) (holding admission of unqualified chemist's testimony not reversible error when other investigating officer previously testified without objection that he believed substance in question was cocaine); *see also Gray v. State*, No. 14-01-01184-CR, 2002 WL 31718428, at \*2-3 (Tex. App.–Houston [14th Dist.] Dec. 5, 2002, pet. ref'd) (not designated for publication) (holding that unqualified

police officer rendering blood spatter evidence not reversible error because same facts were established by other witnesses). Appellant's first issue is overruled.

## RELIABILITY OF DRAGER PUMP TEST

In his second issue, which is closely related to his first issue, Appellant contends that the Drager Pump test employed by Investigator Hillhouse was not shown to be a scientifically reliable technique in identifying anhydrous ammonia.

Assuming the State failed to prove the reliability of the Drager Pump test, a question we do not reach, the error is harmless. This is because the unchallenged admission of Investigator Hanes's testimony renders it not reasonably likely that the error in admitting Investigator Hillhouse's testimony on the reliability and results of the Drager Pump test materially affected the jury's deliberations. *See McNac v. State*, 215 S.W.3d 420, 425 (Tex. Crim. App. 2007). Appellant's second issue is overruled.

## LEGAL SUFFICIENCY OF THE EVIDENCE

In his third issue, Appellant contends the evidence is legally insufficient to establish that the substance housed in the fire extinguishers was anhydrous ammonia.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *LaCour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The jury is the sole judge of the credibility of witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Any reconciliation of conflicts and contradictions in the evidence is entirely within the jury's domain. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). Likewise, it is the responsibility of the jury to weigh the evidence and draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Appellant was convicted of possession or transport of anhydrous ammonia, a third degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.1245(a)(1), (b) (Vernon Supp. 2009). A person commits that offense if he "possesses or transports anhydrous ammonia in a container or

receptacle that is not designed or manufactured to hold or transport anhydrous ammonia. . . ."
*Id.*

Appellant argues that Investigator Hillhouse never specifically stated that the Drager Pump test identified anhydrous ammonia, only that it identified ammonia, and the evidence otherwise failed to prove that the substance was anhydrous ammonia. However, Investigator Hanes testified that he smelled anhydrous ammonia, he knew the smell based on his past experience as a police officer, and that the fire extinguishers contained anhydrous ammonia. Appellant did not object to any of this testimony. Viewing this evidence in the light most favorable to the verdict, the jury could have found that the substance in the fire extinguishers was anhydrous ammonia. Appellant's third issue is overruled.

## DISPOSITION

We ***affirm*** the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered May 12, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)