MARY'S OPINION HEADING 








NO. 12-09-00355-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

BRICKY JOE
ANDERSON,                        §                      APPEAL FROM THE 173RD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

Bricky
Joe Anderson appeals his conviction for possession or transport of anhydrous
ammonia in a container not designed or manufactured to hold or transport
anhydrous ammonia.  He raises three issues on appeal.  We affirm.

 

Background

            On
March 28, 2008, Investigator Kevin Hanes of the Henderson County Sheriff’s
Office (“HCSO”) investigated an aggravated sexual assault in which the suspect
was described as a white male driving a Chevrolet sports utility vehicle. 
While investigating that offense, he noticed a vehicle matching that
description, which was later determined to be driven by Appellant. Investigator
Hanes followed the vehicle and observed that Appellant failed to use a turn
signal when required to do so.  After following the vehicle further,
Investigator Hanes activated the dashboard red and blue lights of his unmarked
HCSO vehicle.  Appellant failed to stop and a pursuit ensued.  Once Appellant
finally stopped in a wooded area, he and his female passenger fled.  Appellant
was not apprehended until later. 

            In
the meantime, Investigator Hanes noticed the smell of what he believed to be
anhydrous ammonia.  He located two fire extinguishers in the bed of Appellant’s
truck that were cold, “sweating,” and had been visibly tampered with. 
Consequently, Investigator Hanes requested that Investigator Botie Hillhouse,
an HCSO drug enforcement specialist, assist in the investigation.  Investigator
Hillhouse performed the Drager Pump test.  This test utilizes a special hand
pump that purportedly can determine whether a particular substance is anhydrous
ammonia.  After conducting the tests and concluding that the fire extinguishers
contained anhydrous ammonia, the investigators destroyed the fire extinguishers
and their contents.  Based on this evidence, the investigators arrested
Appellant.

Appellant
was indicted by a grand jury.  In count one of the indictment, he was charged
with possession or transport of anhydrous ammonia with the intent to
manufacture methamphetamine.  In count two, he was charged with possessing or
transporting anhydrous ammonia in a container not designed or manufactured to
hold or transport anhydrous ammonia.  Investigator Hanes testified at trial. 
In addition, Investigator Hillhouse was allowed to testify as an expert over
Appellant’s objection.  Investigator Hillhouse testified that, based on his
training and experience and the results of the Drager Pump test, he believed
the substance in the fire extinguishers contained anhydrous ammonia. 

At
the conclusion of the State’s case, count one was dismissed due to an error in
the indictment.  The State proceeded on count two.  The jury found Appellant
guilty on count two, and the trial court assessed punishment at six years of
imprisonment.  Appellant timely appealed.

 

Admissibility of Expert Testimony

            In
his first issue, Appellant contends that Investigator Botie Hillhouse’s
testimony was inadmissible because he was not qualified to render expert
testimony that the fire extinguishers contained anhydrous ammonia.            

However,
we need not address the merits of this issue because we conclude that Appellant
failed to preserve it.  It is well established that a party must make a timely
and specific objection in order to preserve his complaints for appellate
review.  See Tex. R. App. P. 33.1.
 In addition, a party must object every time inadmissible evidence is offered, or
else the complaint is waived.  Ethington v. State, 819 S.W.2d
854, 858 (Tex. Crim. App. 1991).  Moreover, the admission of improper evidence
does not constitute reversible error if the same facts were proved by evidence to
which the complaining party failed to object.  See Leday v. State,
983 S.W.2d 713, 717 (Tex. Crim. App. 1998). 

            Although
Appellant properly objected to Investigator Botie Hillhouse’s testimony, he
allowed Investigator Hanes to testify, without objection, as follows:  

 

Q. Did you notice anything that
was unusual about this vehicle?

A. I did. As I got a little
closer to the vehicle, I noticed a strong smell coming from the vehicle.

Q. And can you describe that
smell to the jury.

A. It’s a very strong anhydrous
ammonia type of smell. You never forget it once you smell it. It’s very strong,
it can cause breathing problems if it’s very strong or you are very close to
it, just a smell of anhydrous ammonia.

Q. Had you smelt that odor
before?

A. Many times. 

Q. Had you smelt that odor before
in your training that you received and experience you received as an officer?

A. Yes, I have.

Q. Do you believe that you could
have mistaken that odor to be something other than anhydrous ammonia?

A. No, sir. 

. . . .

Q. Did you locate anything that
you believed to be containing anhydrous ammonia in that vehicle?

A. Yes.

Q. What did you locate?

A. In the bed of the truck was
two regular fire extinguishers that had been altered with or tampered with and
filled with anhydrous ammonia.

. . . . 

Q. Okay. Did the fire
extinguishers display any of the characteristics that you had seen before,
through your training and experience, as a receptacle that was holding
anhydrous ammonia?

A. Yes.

Q. Can you tell the jury what
that is.

A. The one main thing was that it
was cold and sweating. The outside of the tank will sometimes sweat and nearly
form ice, or can form ice on the outside of the receptacle.

 

 

By
this testimony, Investigator Hanes stated that he smelled anhydrous ammonia, he
identified the substance in the fire extinguishers as anhydrous ammonia, and
that he knew the substance was anhydrous ammonia based on his past experience
as a police officer.  This unobjected to testimony established the same facts
that the State sought to prove through Investigator Hillhouse.  See Lampkin
v. State, No. 13-00-505-CR, 2002 WL 10480, at *1 (Tex. App.–Corpus
Christi Jan. 3, 2002, no pet.) (mem. op., not designated for publication)
(holding admission of unqualified chemist’s testimony not reversible error when
other investigating officer previously testified without objection that he
believed substance in question was cocaine); see also Gray v. State,
No. 14-01-01184-CR, 2002 WL 31718428, at *2-3 (Tex. App.–Houston [14th Dist.]
Dec. 5, 2002, pet. ref’d) (not designated for publication) (holding that
unqualified police officer rendering blood spatter evidence not reversible
error because same facts were established by other witnesses).  Appellant’s
first issue is overruled.

 

Reliability of Drager Pump Test

In
his second issue, which is closely related to his first issue, Appellant
contends that the Drager Pump test employed by Investigator Hillhouse was not
shown to be a scientifically reliable technique in identifying anhydrous
ammonia.

Assuming
the State failed to prove the reliability of the Drager Pump test, a question
we do not reach, the error is harmless.  This is because the unchallenged
admission of Investigator Hanes’s testimony renders it not reasonably likely
that the error in admitting Investigator Hillhouse’s testimony on the
reliability and results of the Drager Pump test materially affected the jury’s
deliberations. See McNac v. State, 215 S.W.3d 420, 425 (Tex. Crim.
App. 2007).  Appellant’s second issue is overruled.

 

Legal Sufficiency of the Evidence

            In
his third issue, Appellant contends the evidence is legally insufficient to
establish that the substance housed in the fire extinguishers was anhydrous
ammonia. 

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560
(1979); LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App.
2000).  The jury is the sole judge of the credibility of witnesses and of the
weight to be given their testimony.  Barnes v. State, 876 S.W.2d
316, 321 (Tex. Crim. App. 1994).  Any reconciliation of conflicts and
contradictions in the evidence is entirely within the jury’s domain.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  Likewise, it is
the responsibility of the jury to weigh the evidence and draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.

Appellant
was convicted of possession or transport of anhydrous ammonia, a third degree
felony.  See Tex. Health &
Safety Code Ann. § 481.1245(a)(1), (b) (Vernon Supp. 2009).  A person
commits that offense if he “possesses or transports anhydrous ammonia in a
container or receptacle that is not designed or manufactured to hold or
transport anhydrous ammonia. . . .”  Id. 

Appellant
argues that Investigator Hillhouse never specifically stated that the Drager
Pump test identified anhydrous ammonia, only that it identified ammonia, and
the evidence otherwise failed to prove that the substance was anhydrous
ammonia.  However, Investigator Hanes testified that he smelled anhydrous
ammonia, he knew the smell based on his past experience as a police officer,
and that the fire extinguishers contained anhydrous ammonia.  Appellant did not
object to any of this testimony.  Viewing this evidence in the light most
favorable to the verdict, the jury could have found that the substance in the
fire extinguishers was anhydrous ammonia. Appellant’s third issue is overruled.

 

Disposition

            We
affirm the judgment of the trial court.

 

                                                                                                Sam Griffith

                                                                                                        
Justice

 

 

 

Opinion delivered May 12, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(DO NOT PUBLISH)