In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00430-CV**
_____

**IN RE COMMITMENT OF WALTER RAY ALLEN**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-01-00210-CV**

**MEMORANDUM OPINION**

Walter Ray Allen challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (the SVP statute). The State was required to prove beyond a reasonable doubt that Allen is a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A person is a "sexually violent predator" subject to commitment if the person: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West 2010). A "behavioral abnormality" is "a congenital or acquired condition that, by

1

affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.— Beaumont 2003, pet. denied).

Allen pleaded guilty in 1991 to two counts of indecency with a child and was sentenced to ten years of confinement for each charge. In 1995 he was released on mandatory supervision. In 1996, his mandatory supervision was revoked. He was released on mandatory supervision again in 1998. His mandatory supervision was revoked in 2002. He was released on mandatory supervision in 2003. He was arrested in 2005 for failure to register as a sex offender. He pleaded guilty to sexual assault in 2011 and was sentenced to two years of confinement. The civil commitment trial occurred about three weeks after Allen's release from prison in 2012. A jury found that he is a sexually violent predator.

CONSTITUTIONALITY CHALLENGE

Allen maintains that the Texas Supreme Court's decision in *In re Commitment of Bohannan* interpreted portions of the SVP statute in a way that rendered the statute unconstitutional and in violation of the Fourteenth Amendment's due process clause. 388 S.W.3d 296 (Tex. 2012), *cert. denied*, 133 S.Ct. 2746, 186 L.Ed.2d 202 (2013). We have rejected a similar argument before, noting "*Bohannan* did not eliminate any proof required by the statute for a sexually-violent-predator finding, nor did the Supreme Court change the statute or render it unconstitutional." *In re Commitment of Anderson,* 392 S.W.3d 878, 885 (Tex. App.—Beaumont 2013, pet. denied). We overrule issue one.

SUFFICIENCY OF THE EVIDENCE

In issues two and three, Allen challenges the legal and factual sufficiency of the evidence to support the jury's finding that he is a sexually violent predator. Allen argues the State did not show that he has a mental condition that can be linked to a finding of future dangerousness, that he has serious difficulty controlling his behavior, or that he is currently a menace to the health and safety of another person and is likely to commit an act of predatory violence. *See In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied) (legal sufficiency standard of review). He also argues that the evidence is

3

factually insufficient to support a finding beyond a reasonable doubt that he is a sexually violent predator. *See In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied) (factual sufficiency standard of review).

Allen admitted that he committed the two indecency-with-a-child offenses. Although he pleaded guilty to the sexual assault, he testified that he did not sexually assault the child but was indecent with the child. The offense occurred when he was sixty years old and after he had finished sex offender treatment. Allen denied being sexually attracted to boys, but he admitted he lost control of his sexual urges on multiple times with young boys and that it was wrong. He acknowledged he committed the offenses because he just wanted to "try it." He testified that he does not have any issues that will cause him to sexually offend in the future. Although he indicated that he has health problems, Allen had the same health problems when he last offended.

Dr. Sheri Gaines, a forensic psychiatrist, testified Allen has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Gaines's methodology included reviewing records and conducting an interview with Allen. The records reviewed included criminal records, legal documents, medical records, prison records, parole records and other documents, and a report from another expert. To the extent that Allen's complaints concern the

4

foundational data or methodology used or relied on by Gaines in reaching her opinion, Allen did not preserve his complaint for appeal. *See City of San Antonio v. Pollock*, 284 S.W.3d 809, 816-17 (Tex. 2009); *see also In re Commitment of Barbee*, 192 S.W.3d 835, 843 (Tex. App.—Beaumont 2006, no pet.); *In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 WL 5205387, at *1 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.)

Dr. Gaines diagnosed Allen with sexual deviancy, pedophilia, personality disorder not otherwise specified, and alcohol abuse. Gaines explained that the records indicated that Allen has a history of committing both sexual and nonsexual offenses. Gaines testified that Allen committed one of the sexual offenses after he had been convicted of indecency, had been in prison, and had received sex offender treatment. Gaines stated that this demonstrates Allen's serious difficulty controlling his impulses because he knew the consequences but still was unable to control his behavior. According to Gaines, even though Allen had previous sex offender treatment, he was unable to describe how his actions affected his victims, had no remorse, could not identify an offense cycle or triggers, and was not able to describe coping skills to keep him from reoffending. Gaines believes Allen was sexually deviant in the past, and, based on his pattern of past behavior and diagnosis of pedophilia, he continues to currently have problems with sexual

deviancy. He committed his last offense when he was sixty years old. Gaines explained that pedophilia is treatable but not curable. When she interviewed Allen four months before trial, Allen told her he did not need treatment and he did not indicate that he was planning on getting treatment.

The jury determines the credibility of the witnesses and the weight to be given their testimony. *In re Commitment of Mullens*, 92 S.W.3d at 887. A jury may draw reasonable inferences from the evidence. *See Lacour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). In addition to Dr. Gaines's testimony concerning Allen's condition, Allen's difficulty in controlling his behavior can be reasonably inferred from his past behavior and his own testimony. *See In re Commitment of Burnett*, 2009 WL 5205387, at *4; *In re Commitment of Wilson*, No. 09-08-00043-CV, 2009 WL 2616921, at *5 (Tex. App.--Beaumont Aug. 27, 2009, no pet.) (mem. op.). The jury heard evidence of the offenses, Allen's admission that he committed the offenses because he lost control of his sexual urges, the expert testimony regarding his risk for reoffending, and evidence of Allen's reoffending while on mandatory supervision. Sufficient evidence supports the verdict. Issues two and three are overruled. The judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on July 29, 2013
Opinion Delivered September 19, 2013

Before Gaultney, Kreger, and Horton, JJ.